## Culbertson's Appeal.

76　145
180　129

|  | 76 | 145 |
|  | 214 | 49 |

1. After payment of a decedent's debts from the sale of his real estate, by order of the Orphans' Court for that purpose, the administrator, widow and heirs, without the settlement of an administration account, adjusted a sum as the "dower" of the widow, to be retained by the administrator, the interest to be paid to her during life and the principal to the heirs at her death. The widow and all heirs joined in a request to the administrator to pay the principal to her. *Held*, that she was entitled to receive it upon all giving to him proper releases.

2. The Orphans' Court had jurisdiction over the administrator and the fund and could decree a determination of the trust.

3. Although a trust may not have ceased by expiration of time, or its purposes may not all have been accomplished; if all who are or may be interested are in existence and *sui juris* and consent, courts of equity may decree a determination of the trust and a distribution of the fund amongst those entitled.

3. A trust continues in equity no longer than the thing to be secured by it demands.

5. Under Act of February 24th 1834, sect. 46, a tenant for life in real estate sold for payment of debts has a right to receive the surplus on giving security to protect those in remainder, and they may waive the security by writing filed of record.

26 P. F. SMITH—10

[Sleek *v.* Turner.]

May 14th 1874.   Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Error to the Orphans' Court of *Cumberland county* : No. 112, to May Term 1874.   In the estate of John Culbertson, deceased.

The proceedings in this case commenced by the petition, June 7th 1871, of Hannah Culbertson, widow of John Culbertson, deceased, and Samuel D. Culbertson, James S. Culbertson, Nancy B. Culbertson, Alabama F. Culbertson, Cumberland R. Culbertson and William F. Culbertson, " parties in interest of the estate " of the decedent, by their attorney in fact, Joseph F. Culver.   The petition set out the death of John Culbertson intestate, in April 1850, the grant of administration of his estate to William Culbertson and William Keller, the death of Keller in February 1869 ; that the estate of the decedent had " been settled and closed " except a fund of $2424.50 in the hands of the surviving administrator, the interest of which was payable to the widow during life, and the principal to the other petitioners at her death.   The petition further set out that all the parties in interest had agreed that the widow should receive the fund and that they would release the surviving administrator from all liability for it : that the administrator declined to pay over the fund.   The prayer was for a citation to William Culbertson, the administrator, to show cause why he should not pay over the fund " to the said parties in interest upon their giving him a proper release," &c.

The administrator filed an answer admitting the material allegations in the petition.

In his answer he declined to pay over the fund unless compelled by the court for the reasons :—

1. That the time had not arrived when by law he was required to pay the fund.

2. That it was of importance " to the security and comfort of the widow that it should not be paid over, as he is well satisfied that certain of the parties intend to control the fund if paid over, and that the interest of the widow would by no means be certain by payment to her."

3. That the widow and the daughter, Alabama, were not in a condition of mind to execute a release and " would be easily practised and imposed upon."

The matter was referred to F. E. Beltzhoover, Esq., as auditor to report the facts and his opinion.

He reported that John Culbertson died leaving a widow and six children, the petitioners, as stated in the petition, owning real and personal estate to a large amount; that the real estate had been sold by the administrators by order of the Orphans' Court for the payment of his debts.   After the confirmation of the sale November 4th 1851, and the payment of the debts ; " an agreement and settlement " between the administrators, widow and guardian of

[Culbertson's Appeal.]

the minor children was made by which her dower was adjusted at $2424.50, of which she was to receive the interest during her life, and the principal to go to the heirs of John Culbertson at her death. Under this agreement the fund had remained in the hands of William Culbertson, who had paid her the interest annually up to the 1st of April 1871. About the same time the widow and children—they all having attained full age—joined in a request to the administrator to pay over the principal of the fund to the widow, declaring that it was their " desire to release all our claim in remainder or reversion to said dower estate to said Hannah Culbertson ;" all the parties offering to execute and deliver to the administrator proper releases and to discharge him of record.

There was evidence taken by the auditor as to the capacity of the widow and Alabama F. Culbertson : he reported that it did not sustain the allegation that they were not capable of executing a valid release.

He also reported as his opinion that the payment of the fund to those entitled should be decreed upon their giving to the administrator proper releases.

Upon exceptions, the court (Junkin, P. J.) overruled the report, saying in the conclusion of the opinion: " The law of the auditor is unexceptionable, but reflection has compelled us to refuse the decree, which it was the purpose of the investigation to secure. Let the money be paid as contemplated when the trust was created, and no faster." He refused a decree to dissolve the trust.

The widow appealed to the Supreme Court and assigned the decree for error.

*J. B. McPherson* and *F. E. Beltzhoover*, for appellant.—Courts will give effect to the agreement of parties having the entire legal and beneficial interest of property, to dispose of it in a particular way: Perry on Trusts 832, 833 ; Bowditch *v.* Andrew, 8 Allen 339.

*W. H. Miller*, for appellee.

Mr. Justice MERCUR delivered the opinion of the court, May 18th 1874.

After payment of the debts of John Culbertson, deceased, and of a distribution to his children of the sums to which they were then severally entitled, there remained in the hands of his administrator, the appellee, the sum of $2424.50. This was one-third of the remaining proceeds of a sale of the intestate's real estate. An agreement was entered into between the widow, the guardian of the minor children, and the administrator of the decedent, by which the money should remain in the hands of the administrator, the widow to receive the interest upon it, and at her death the

[Culbertson's Appeal.]

principal go to the heirs of John Culbertson. It had so remained for nearly twenty years; the appellee paying over to the appellant the interest annually. It does not appear that the administrator ever settled any final account. In the meantime all the children of the decedent became of age, and they being *sui juris*, united with their mother, the appellant, in requesting the administrator to pay over to her the whole fund; the widow and heirs at the same time offering fully to release and discharge of record the administrator and his sureties. The appellee refused to pay it over. Upon application to the Orphans' Court by the widow and heirs a citation was awarded commanding said administrator to appear and show cause why the fund should not be paid over upon his receiving a proper release. To this the appellee assigned, substantially, as reasons for his refusal:

1. By the terms of the trust he was not to pay over the fund until the death of the widow.

2. In case it passed into her hands she was under the influence of persons who would defraud her out of it.

3. She and one of the heirs were not in a proper condition of mind to execute a valid release.

The court referred the case to an auditor, who found the allegations were not sustained by the evidence, and that the fund should be paid over. Nevertheless, the court, without questioning the correctness of his finding of facts, and conceding the entire accuracy of his law, refused to decree the payment of the money, and a dissolution of the trust. This refusal is assigned for error.

It must now be considered a well-settled rule in equity that, although a trust may not have ceased by expiration of time, and although all its purposes may not have been accomplished, yet if all the parties who are or who may be interested in the trust property are in existence and are *sui juris*, and if they all consent and agree thereto, courts of equity may decree the determination of the trust and the distribution of the trust-fund among those entitled thereto: Perry on Trusts, §§ 274 and 920; Smith *v.* Harrington, 4 Allen 576; Bowditch *v.* Andrew *et al.*, 8 Id. 339.

The principle appears to be well recognised that no matter what may be the nominal duration of an estate given to a trustee, it continues in equity no longer than the thing sought to be secured by the trust demands. Hence a trust for the separate use of a married woman ceases on the death of the husband, or on her divorce from him: Kœnig's Appeal, 7 P. F. Smith 352.

While the Orphans' Court has not the general jurisdiction of a court of equity, yet within the sphere of its jurisdiction it is essentially such in its proceedings and in its decrees: Commonwealth *v.* Judges, 4 Barr 303. It is not, however, bound by the strict rules of equity practice, nor by the elaborate forms of equity pleading.

[Culbertson's Appeal.]

Johnson's Appeal, 9 Barr 419. The court had undoubted juris-
diction over the administrator and of this fund.

This money came from a sale of that portion of the real estate
of the decedent in which the widow had substantially a life-estate.
It was sold for the payment of debts. She was entitled to the
interest on this residue during her life. The 46th section of the
Act of 24th February 1834, Purd. Dig. 431, pl. 126, clearly
recognises the right of a tenant for life in real estate sold for the
payment of debts, to receive the surplus, upon giving security to
protect the interests of the persons entitled in remainder. The
right of such persons, being under no legal disability, to waive
that security by writing duly executed and filed of record, cannot
be questioned. This, in effect, the heirs have proposed to do, so
as for ever to bar any claim they might have against the adminis-
trator.

The purpose for which this fund was left in the hands of the
appellee was to protect for the heirs the corpus of the estate. This
was the thing sought to be secured. That object has been accom-
plished. The purposes of the trust have been fulfilled. The
heirs are of full age, and now desire to take control of their pro-
perty and place it in the hands of the person who is entitled to its
use. Why shall this reasonable request be denied?

The court appears to have based its refusal on, 1. A suspicion
of the imbecility of the appellant; 2. A fear that the fund would
be invested in hazardous speculations in the Western States, and
thereby be lost to the appellant.

As we have already shown, the first ground is not supported by
the proof. The second seems to us not to rest on any substantial
basis. It is possible such may be the result. A bare possibility,
however, will not justify the withholding of the fund. The affirma-
tion of such a doctrine would tie up a trust-fund for ever.

The appellant now represents all the parties interested in the
fund. She comes, then, not supplicating for a favor, but asserting
a right. She asks, inasmuch as the right to the possession of the
corpus of the trust, as well as the use of it, are both united in her,
that the actual possession of the fund shall be decreed to her. In
the absence of any substantial reason to the contrary, we see not
why this request should be denied. It depends not upon mere
judicial discretion, but is demandable of right.

We think the learned judge erred in refusing to grant the
prayer of the appellant, and the action of the court must be
reversed.

> And now, it is ordered that the record be remitted, with
> instructions to the court to decree a determination of the
> trust and payment of the fund to the appellant, upon
> the execution by her and by the heirs of proper releases
> to the administrator; and that the costs of this appeal be
> paid by the appellee.