## Sharpless's Estate. Mendenhall's Appeal.

*Trusts—Termination—Separate use trust—Extrinsic facts.*

A testator directed the residue of his estate to be divided equally among his nephews and nieces, with the direction that the share of a married niece should be held in trust by the executors, they to invest the same and pay over the interest to the niece during her life and at her decease to pay the principal to her daughter, to whom he gave the same.

*Held,* that the trust was not a separate use trust, and that it would be terminated by a conveyance of the daughter's interest to her mother. Yerkes's Ap., 2 Ches. Co. R. 410, applied.

*Held,* also, that the extrinsic facts that the niece was the only married woman whose husband was living, among testator's nephews and nieces, and that testator was a member of the Society of Friends and the niece's husband was the keeper of a licensed restaurant, will not be sufficient to show an intent to create a separate use trust.

Argued Feb. 10, 1892. Appeal, No. 88, Jan. T., 1892, by Edwin S. Mendenhall et al., trustees of Caroline Hampton et al., under the will of John Sharpless, deceased, from decree of O. C. Chester Co., confirming report of auditor on distribution. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Claim to receive bequest free from trust.

The auditor on distribution, R. T. Cornwell, found among other things that decedent died leaving a will, wherein, after specific devises and bequests, he directed the residue of his estate to be equally divided among his nephews and nieces. He then provided as follows: "I hereby direct that any part or share of my estate, coming to my niece, Caroline Hampton, under any provision of this, my will, shall be held in trust by my said executors, they to invest the same at interest, and pay over the said interest to the said Caroline Hampton during her life; and at her decease to pay over the principal to her daughter, Bessie Hampton, to whom I give the same."

The auditor further found that testator was a member of the Society of Friends; that Caroline Hampton, at the date of the will, and still, was a married woman; that her husband was the keeper of a licensed restaurant and a temperate, industrious, thrifty and worthy citizen. Caroline Hampton was the only married niece whose husband was living, and she was the only

one who received less than an absolute estate.   Another niece
was a widow with several unmarried daughters, and one nephew
had a daughter about Bessie Hampton's age.   None of these
daughters were mentioned in the will.   Bessie Hampton as-
signed her interest to her mother and the mother claimed the
share absolutely.   The auditor, on the authority of Yerkes's
Ap., 2 Ches. Co. R. 410, so awarded it.

The executors, as trustees, filed exceptions which were dis-
missed by the court, WADDELL, P. J.   The trustees then ap-
pealed.

*Errors assigned* were (1–5) dismissal of exceptions to auditor's
report, awarding fund absolutely, quoting exceptions.

*W. T. Barber*, for appellants.

*J. Frank E. Hause*, *R. Jones Monaghan* with him, for ap-
pellee.

OPINION BY MR. JUSTICE McCOLLUM, October 3, 1892.

We agree with the learned auditor that this case is not dis-
tinguishable in principle from Yerkes's Appeal, 2 Chester Co.
Reports, 410.   In that case the testator bequeathed the income
of his estate to his wife, during her life, and at her death the
principal of it to his children who conveyed their interests in
it to her.   An application was made to the orphans' court for
an order on the executor to pay to her the corpus of the estate
and it was resisted by him on the ground that the trust was an
active one and the persons entitled to the remainder could not
defeat the will of the testator by a conveyance of their interest.
The order was made, and, on appeal to this court, affirmed.   It
is apparent from the brief opinion filed in the case that the
affirmance rests on the conclusion that the chief object of the
testator was to preserve the corpus of his estate for his children,
and as by their conveyance the remainder was vested in the
person entitled to the income, no valid reason appeared for the
continuance of the trust.

In the case at bar the testator bequeathed a fund to be held
in trust by his executors, " they to invest the same at interest,
and pay over said interest to his niece Caroline Hampton dur-
ing her life and at her decease," to pay over the principal to
her daughter Bessie Hampton to whom he gave the same.
The obvious purpose of the testator in the creation of the

trust was to preserve the corpus of the fund for the person entitled under his will to receive it. Caroline Hampton is, and at the time of the execution of the will, was, a married woman, and the contention of the executors and trustees is that the trust was established for her protection—that it is a separate use trust which cannot be terminated during the life of her husband. But there is nothing in the will which indicates an intention to create such a trust, nor can we discover in the extrinsic facts found by the auditor, anything which aids or gives color to the appellant's construction. Certainly the finding that the testator was a member of the Society of Friends and Caroline's husband was the keeper of a licensed restaurant in West Chester and a "temperate, industrious, thrifty and worthy citizen," is no justification of it.

The interest which Bessie Hampton acquired in the estate of John Sharpless by virtue of his will, is, by her conveyance, vested in her mother. Caroline Hampton being the owner of the fund and entitled under the will to receive the income from it during her life, no valid reason appears for continuing the trust to invest it and pay the interest thereon to her.

The specifications of error are overruled.

Decree affirmed and appeal dismissed at the cost of the appellants.