# Derbyshire's Estate.

*Wills—Construction—Gift to charity—Acceleration.*

Where testator has made a gift for the benefit of a charity,
specifying that it shall be paid over after the termination of cer-
tain particular estates and annuities, there can be no acceleration
of the gift, even with the consent of all parties in interest. Where
the testator has particularly specified the time when the gift shall
be paid over, his expressed wishes must be followed.

Argued Jan. 15, 1913. Appeal, No. 374, Jan. T., 1912,
by Caroline D. Schelling and the Contributors to the
Pennsylvania Hospital, from decree of O. C., Philadel-
phia Co., April T., 1880, No. 482, dismissing exceptions
to adjudication in Estate of Alexander J. Derbyshire, de-
ceased. Before BROWN, MESTREZAT, POTTER, ELKIN and
STEWART, JJ. Affirmed.

Exceptions to adjudication of twelfth account of surviving trustees.

The facts are stated in the opinion of the Supreme Court and in Biddle's Appeal, 99 Pa. 525.

The court made a decree dismissing exceptions to the adjudication and this appeal followed.

*Error assigned* was the action of the court in dismissing the exceptions.

*David Wallerstein* and *Charles Biddle,* with them *J. Rodman Paul,* for appellants.—It is the law of Pennsylvania that a trust may be terminated by the act of the parties prior to the time fixed by the testator if the purposes of the trust have been accomplished: Culbertson's App., 76 Pa. 145; Sharpless's Est., 151 Pa. 214; Brooke's Est., 214 Pa. 46; Gast v. Porter, 13 Pa. 533; Brown's App., 27 Pa. 62; Hamlin v. Thomas, 126 Pa. 20; Cook's Est., 10 Pa. C. C. R. 465.

*John G. Johnson,* with him *Maurice Bower Saul,* for appellee, surviving trustees.—The decision of this court in 1882, reversing the decree of the lower court is the law of this case and is res adjudicata as to the right of the Contributors to the Pennsylvania Hospital to demand the delivery of the estate: Bolton v. Hey, 168 Pa. 418; Devine's Est., 199 Pa. 250; Williams v. Leech, 28 Pa. 89; Naglee's App., 33 Pa. 89; Guthrie's App., 37 Pa. 9; Lafferty's Est., 230 Pa. 496; Lafferty's Est., 209 Pa. 44; Biddle's App., 99 Pa. 525.

PER CURIAM, February 24, 1913:

The time fixed by the testator himself has not yet arrived when his testamentary trustees are "to convey, assign and transfer" his residuary estate to the Contributors to the Pennsylvania Hospital, for Caroline Derbyshire (now Schelling) still lives; and neither she nor his residuary legatees, nor both together, may

thwart his will. In construing it in Biddle's App., 99 Pa. 525, we said what we now repeat, for it is conclusive of the correctness of the decree of the court below: "Why then shall the clear and explicit directions of the testator be disobeyed? His right to postpone the time when the hospital shall enjoy the fruit of his bounty cannot be denied. It is not in conflict with any principle of public policy, of religion or morality, and does not impinge on any statute. Full effect must, therefore, be given to the clear intent of the will: Bainbridge's App., 97 Pa. 482. Reasons satisfactory to the testator induced him to withhold all aid from the hospital until the time when the whole trust of the executors was to be determined. In giving construction to this will, we need not seek for the motive of the testator. It was not necessary for him to state it, and he has not. His beneficiaries have no right to inquire his reasons for giving at once to some, and after a long interval, to others. He may have thought it for the best interests of the hospital to withhold his aid, until he could give it the whole residuary fund of his large estate. He may have thought its future necessities would be greater than the present. In the absence of reasons stated by him, we must not conjecture some, and thereby prevent the reasonable and natural meaning of the language used. As was said in Bainbridge's Appeal, supra, the testator may have thought, as the good man of the house said to the laborer who complained of the inequality of payment, 'is it not lawful for me to do what I will with mine own?' It is of no consequence that we may think the testator might well have given a portion of his estate to the hospital on his death, or at some earlier period of time, than expressed in his will. He thought otherwise, and the opinion of others as to what he ought to have done, cannot be substituted for what he did do. His will must control. The language thereof is too clear to attempt to construe that which needs no construction."

Appeal dismissed at appellants' costs.