# Harrar's Estate.

*Wills—Vested and contingent remainders—Intention.*

1. A well recognized exception to the rule that where time or other condition is annexed to the substance of the gifts and not merely to the payment, the legacy is contingent, is that where interest, whether by way of maintenance, or otherwise, is given to the legatee in the meantime, the legacy, notwithstanding the gift itself appears to be postponed, vests immediately on the death of the testator. This circumstance indicates an intention that the beneficial enjoyment shall begin at once and payment only of the capital or principal be postponed.

*Trusts—Termination of trust—Conveyance of trust property to cestui que trust—Trustees—Discretion—Control — Wills — Construction.*

2. Although a trust may not have ceased by expiration of time, and although all its purposes may not have been accomplished, yet if all the parties who are, or who may be, interested in the trust property are in existence and are sui juris, and if they all consent and agree thereto, courts of equity may decree the determination of the trust and the distribution of the trust fund among those entitled thereto; a trust estate continues in equity no longer than the thing sought to be secured by the trust demands.

3. While ordinarily there will be no interference with the discretion placed in executors or trustees, yet whenever the law determines that the discretion of a trustee should have been exercised in a particular way, he will be constrained to act in accordance therewith.

4. Where a testator gave his residuary estate real and personal in trust, and directed that the net income, after the payment of certain annuities, should be divided quarterly among all his grandchildren who should be living at the expiration of the respective quarterly periods, and the lineal descendants of any who should have died, leaving lineal descendants then living; that when all the real and personal property should have been sold, the proceeds should be paid over and divided to and among all of testator's grandchildren who should be then living, and the lineal descendants of any deceased grandchild; and that distribution should be made only when the property should be sold at a time when and at prices which in the absolute judgment and discretion of the trustees would be for the best interest of the estate, the grandchildren, being sui juris and all of the persons interested in the real estate, have a right to elect to take it, instead of the proceeds; and the trustees are bound to convey the balance of it to them, after making provision to pay the annuities.

5. In such a case the fact that a continuation of the trust would be of benefit to the trustees has no weight.

Argued Jan. 13, 1914.   Appeal, No. 197, Jan. T., 1913, by Henry M. Fussell and Girard Trust Company, Executors and Trustees of the Estate of John Harrar, from decree of O. C. Philadelphia Co., Oct. T., 1912, No. 583, requiring the Executors to convey real estate to the legatees in Estate of John Harrar, Deceased.   Before Mes-

TREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition to require the executors and trustees of a decedent to convey real estate to the legatees. Before DALLETT, P. J.

The facts appear in the opinion of the Supreme Court.

The court awarded the relief prayed for in the petition. The trustees appealed.

*Error assigned* was the decree of the court.

*Lewis Lawrence Smith,* with him *A. Lewis Smith,* for appellants.—The will created a valid active trust which it is the duty of the court to uphold under the circumstances of this case: Barnett's App., 46 Pa. 392; Lightner's App., 11 W. N. C. 181; Wolfinger v. Fell, 195 Pa. 12; Derbyshire's Est., 239 Pa. 389; Severns's Est. (No. 2), 211 Pa. 68; Hutchison's App., 82 Pa. 509; Dundas App., 64 Pa. 325; Shelton v. King, 229 U. S. 90; Springs Est., 216 Pa. 529.

The will gives contingent interests to the petitioners, and therefore they have not, by acting together, the right to destroy the manifest purpose of the will: Rosengarten v. Ashton, 228 Pa. 389; Lewis's Est., 231 Pa. 60; Henry's Est., 53 Pa. Superior Ct. 57; Shirk's Est., 242 Pa. 95; Culbertson's App., 76 Pa. 145.

*M. T. McManus,* with him *Harry D. Westcott,* and *John W. Westcott,* for appellees.—The duties imposed upon the trustees were mandatory; they should no longer be permitted to postpone the enjoyment of the estate by the objects of the testator's bounty: Severns's Est. (No. 2), 211 Pa. 68.

The petitioners are entitled to demand a conveyance of the real estate: Smith v. Starr, 3 Wharton 62; Ogden's App., 70 Pa. 501; Culbertson's App., 76 Pa. 145; Sharpless' Est., 151 Pa. 214; Brooke's Est., 214 Pa. 46;

Provenchere's App., 67 Pa. 463; Paxson's Est., 241 Pa. 452; Long's Est., 228 Pa. 594; Smith's Est., 226 Pa. 304; King v. King, 1 W. & S. 205; Lantz v. Trusler, 37 Pa. 482; Reed's App., 118 Pa. 215; Manderson v. Lukens, 23 Pa. 31; Weigerd's Est., 143 Pa. 615; Corbin v. Wilson, 2 Ashmead 178; Chew's Appeal, 37 Pa. 23; Githens' Est., 24 Pa. C. C. R. 248.

OPINION BY MR. JUSTICE POTTER, March 30, 1914:

This is an appeal by Henry M. Fussel and the Girard Trust Company, executors and trustees under the will of John Harrar, deceased, from a decree of the Orphans' Court of Philadelphia County, directing them to convey to the grandchildren of the said John Harrar, deceased, as tenants in common, certain real estate which was of the said John Harrar, deceased.

From the history of the case, as presented by counsel for appellants, it appears that John Harrar died November 10, 1911, leaving about $37,000 worth of personal estate, and real estate said to be worth $165,000. By his will, made September 1, 1911, after providing for the payment of certain annuities, he gave the residue of his estate, real and personal, to Henry M. Fussel and the Girard Trust Company, the appellants, as executors and trustees, in trust among other purposes, to invest the personal estate and collect the income therefrom and the income of the real estate, until the sale thereof by the executors and trustees, at their discretion. The net income, after the payments of certain annuities, was to be divided quarterly among all his grandchildren who should be living at the expiration of the respective quarterly periods, and the lineal descendants of any who should have departed this life, leaving lineal descendants then living. When the trustees should have disposed of all the real estate and personal property, then the residue was to be paid over and divided to and among all of the grandchildren who should be living, and the lineal descendants of any deceased

grandchild. Testator provided that he did not wish to compel a sacrificing sale of his property and desired distribution to be made only when it should be sold at prices which in the best judgment and discretion of the trustees, were for the best interests of his estate and those who take under his will. The executors' account of the personal estate was audited January 8, 1913, and the residue of the personal estate awarded to the executors for the purposes of the continuing trust. On February 25, 1913, all of the grandchildren petitioned the court to order the executors and trustees to set apart a sufficient amount to protect the annuities, and then to distribute the balance, and to convey all the real estate to them, they having elected to take it as such. A citation having been awarded, the trustees filed an answer denying the right of the petitioners to a conveyance. The Orphans' Court granted the prayer of the petition with respect to the conveyance of the real estate and entered a decree accordingly. From that decree the trustees have appealed. The opinion of the majority in the court below, is based upon the view that under the provisions of the will, the interests of the grandchildren were vested at the death of the testator, subject only to be divested in the event of their deaths before the time of distribution. If this view is correct, the decree was proper. The will provides that when the executors have disposed of the real estate and personal property, they are, after providing for certain annuities, "to pay over and divide the same (residue) to and among all my said grandchildren who shall be living and the lineal descendants of any deceased grandchild." In his argument, to support his view that the interests of petitioners are contingent, counsel for appellants cites the cases of Rosengarten v. Ashton, 228 Pa. 389, and Lewis's Est., 231 Pa. 60. But in each of these cases, the trustee was to pay income to a cestui que trust for life, and upon the death of the life tenant, was to pay over the principal, in one case to the grandchildren of testator

or their issue, and in the other to the children of the life tenant. It was held in both cases, that the interests in remainder did not vest until the death of the life tenant. In the case which is now before us, there is, however, no intervening life estate, but the gifts are made primarily to the grandchildren, the time of payment being determined by the sale of the estate. Meanwhile the grandchildren are given the income. Counsel for appellants also cited Henry's Est., 53 Pa. Superior Ct. 57, and Shirk's Est., 242 Pa. 95. In these cases there were intervening estates and the legatees could not be determined until the termination thereof. Derbyshire's Est., 239 Pa. 389, was also cited, but there the remainder was to a charity and the will provided that the principal of the estate should be paid to the charity only upon the termination of certain life interests and annuities. The question of a vested interest was not there involved. The case now before us, seems to fall within the exception to the rule, as pointed out in Provenchere's App., 67 Pa. 463, where Mr. Justice SHARSWOOD, said (p. 466) : "Thus it is true as a general rule, that where the time or other condition is annexed to the substance of the gift and not merely to the payment, the legacy is contingent; but a well-recognized exception to this rule is that where interest, whether by way of maintenance or otherwise, is given to the legatee in the meantime, the legacy shall, notwithstanding the gift itself appears to be postponed, vest immediately on the death of the testator. This circumstance indicates an intention that the beneficial enjoyment shall begin at once, and payment only of the principal or capital be postponed." In the case at bar, the grandchildren were given the net income of the entire estate, after the payment of the annuities, from the death of the testator. A case very much like the present one, is Reed's App., 118 Pa. 215: there, as stated in the syllabus, "a testator provided that his executors should keep the proceeds of land sold, invested at interest, and pay over to each of his nine grandchildren, one ninth of

the interest thereof annually, 'or if any of them have died, leaving heirs, then pay the same to said heirs, and at the full expiration of twelve years from the time of my decease, shall in like manner pay over the principal.' ......Held, that the legacies to the grandchildren were substantive gifts, with time of payment postponed, but certain and unconditioned, and therefore vested at the death of the testator." In Long's Est., 228 Pa. 594, in which the opinion of the Superior Court was affirmed by this court, the testator gave the residue of his estate to a trustee in trust for a period of twenty years, with ample powers to manage and invest. He also provided for the distribution of accumulated income in six shares, one to each of five children and one share to the children of a deceased son. The shares of any children dying before the expiration of the twenty years without leaving lineal descendants, were to go to the other legatees. At the termination of twenty years, the trustee was to dispose of the property and divide the proceeds into six shares, and distribute in the same way as was provided for the income. It was held, that all the legacies were vested, those to the children of testator being subject to be divested by death within twenty years without leaving lineal descendants, and those to his grandchildren being vested absolutely and unconditionally. The decision just cited, clearly sustains the view of the Orphans' Court, in the present case, that the interests of the grandchildren were vested, subject only to be divested in the event of death before the period of distribution. If the interests of the grandchildren were vested at the death of the testator, then the rule of Culbertson's Appeal, 76 Pa. 145, is applicable. Mr. Justice MERCUR there said (p. 148) : "It must now be considered a well-settled rule in equity that, although a trust may not have ceased by expiration of time, and although all its purposes may not have been accomplished, yet if all the parties who are or who may be interested in the trust property are in existence and are sui juris, and if

they all consent and agree thereto, courts of equity may decree the determination of the trust and the distribution of the trust-fund among those entitled thereto: Perry on Trusts, Secs. 274 and 920; Smith v. Harrington, 4 Allen 566; Bowditch v. Andrew, et al., 8 Allen 339. The principle appears to be well recognized that no matter what may be the nominal duration of an estate given to a trustee, it continues in equity no longer than the thing sought to be secured by the trust demands." This rule was followed in Sharpless' Estate, 151 Pa. 214, and Brooke's Estate, 214 Pa. 46. Ordinarily there will be no interference with the discretion placed in the executors or trustees; but whenever the law determines that the discretion of a trustee should have been exercised in a particular way, he will be constrained to act in accordance therewith. Erisman v. Directors of the Poor, 47 Pa. 509; Stewart v. Madden, 153 Pa. 445; Severns's Est., 211 Pa. 68. Nor do we have any doubt of the right of the appellees here, being all the persons interested in the real estate in question, to elect to take it, instead of the proceeds in the case of sale. As far back as Smith v. Starr, 3 Wharton 62, Mr. Justice ROGERS said: "It is well settled, that when the proceeds of real estate are devised, the persons beneficially interested may elect to take the fund as real estate. The devisee may take it either as land or money." Without regard to the question of the prior vesting of the interests of the legatees, it is apparent that if the trustees in the exercise of their discretion were to make sale of the real estate, the rights of the appellees would be at once fixed, and their interests would clearly become absolutely vested. They have, however, elected to take the real estate as such, and there is now no occasion whatever for its conversion into money. If the trustees convey the real estate to appellees, the estate will be finally distributed among the persons designated by the testator, and there can be no possibility of any future interests arising. It can make no difference that the grandchil-

dren elect to take the real estate itself, instead of the money derived from its sale. Under the circumstances, the refusal by the trustees to convey the real estate to the appellees was an unreasonable exercise of their discretion, and the Orphans' Court very properly exercised its power to compel the trustees to take the action desired. A continuation of the trust could only be for the benefit of the trustees, who would thereby retain the management of the properties for an indefinite period, and would receive additional commissions. Such a consideration has, of course, no weight with a court.

The assignment of error is overruled and the decree of the Orphans' Court is affirmed.