## Simmons's Estate.

*Trusts and trustees—Termination of trust—Conveyance by remaindermen to life-tenant—Real estate—Jurisdiction, O. C.*

1. No matter what may be the nominal duration of an estate given to a trustee, it continues in equity no longer than the thing sought to be secured by the trust demands.

2. Where a testator devises his real estate to a trustee to pay the income therefrom to his wife for life, and after her death to convey such real estate to his children, and the children, after testator's death, convey all of their interests under the will to their mother, the Orphans' Court will, at the instance of the mother, the children and the trustee, decree the trust terminated, in the absence of sole and separate use or spendthrift clauses.

3. It seems that even if the trustee objected the decree would be entered.

4. The Orphans' Court has jurisdiction to enter a general decree terminating a trust of such character, whether the estate consists of personalty, of personalty and realty, or of real estate alone.

Petition to terminate trust. O. C. Phila. Co., Jan. T., 1918, No. 42.

*Alexander M. De Haven* and *Theodore F. Jenkins*, for petition.

LAMORELLE, P. J., May 26, 1923.—This is a petition for the termination of a trust.

The facts are few and simple: Philip G. Simmons died Oct. 22, 1917. By will he bequeathed his personal property unto his wife, Louisa L. Simmons, and devised his real estate unto the executor named in his will, in trust to collect the rents, and after paying fixed charges, to pay the net income to his wife during the term of her natural life, and upon her death to grant and

convey the real estate unto his children then living. He was survived by his wife and by three children, Walter P., Gertrude H. and Ethel May Simmons. No provision was made as to the disposition of the estate in the event that the three children should die in the lifetime of their mother; if, however, this should occur, an intestacy would follow and they, and they alone, would take as of the date of their father's death. The children have, by deed duly executed, granted and conveyed all their right, title and interest in and to such real estate unto their mother, so that she is the owner thereof in fee, subject to the trust for her life.

In Stafford's Estate, 258 Pa. 595, Mr. Justice Moschzisker, speaking for the Supreme Court, said, at page 598: "The rule is established that, 'no matter what may be the nominal duration of an estate given to a trustee, it continues in equity no longer than the thing sought to be secured by the trust demands,' and when that demand has been fully satisfied, 'although the trust may not have ceased by expiration of time . . . yet if all the parties who are or who may be interested in the trust property are in existence and are sui juris, and if they all consent and agree thereto, courts of equity may decree the determination of the trust:' Culbertson's Appeal, 76 Pa. 145, 148; Sharpless's Estate, 151 Pa. 214, 216; Woodburn's Estate, 151 Pa. 586; Harrar's Estate, 244 Pa. 542, 549; Packer's Estate (No. 1), 246 Pa. 97, 108-09. See, also, Disston's Estate, 257 Pa. 537. In the case now before us, all present and future interests in the trust property having been acquired by the remainder-man, the 'thing sought to be secured,' i. e., the protection of the corpus pending the duration of the life estates, has become unessential. Under such circumstances, it is the right of a cestui que trust to have the legal estate of the trustee declared terminated, even against the protest of the latter (Harrar's Estate, 244 Pa. 542, and other authorities, supra); but, as previously noted, here the trustee agrees, which makes the case at bar just that much stronger."

In the instant case, Michael G. Simmons, the executor, to whom the legal title to the real estate as trustee passed by virtue of the will, joins in the prayer of the petition of the widow to terminate the trust, as do the three children named as remaindermen in the will.

While the question of jurisdiction has not been raised, we are of opinion that under the authorities we have the right to enter a general decree terminating a trust of this character, whether the estate consists of personalty, of personalty and realty, or of real estate alone, which, as before stated, is the only property here held in trust. When the conveyance was made by the remaindermen to the equitable life-tenant, the reason for the continuation of the trust ceased to exist. There are neither sole and separate-use nor spendthrift clauses, and the one party in interest is the widow, in that she has become vested with title to this real estate because of the deed made to her.

In Harrar's Estate, 244 Pa. 542, a petition was filed by the children of testator, praying for a conveyance of the legal title of the real estate, and this petition was directed against the trustees who held that legal title. The Supreme Court, on the theory that they, and they only, were entitled to the entire estate, confirmed the decree of the court, which decree granted the relief prayed for. A reference to the record in that case shows that the personalty had already been distributed under decree of court and that the entire estate consisted of realty.

Hazard's Estate, 253 Pa. 447, is not in point. That was a petition for declaration of rights of parties under a will, and the petitioner prayed that he be declared to have the legal title to the real estate in question. The decree of

3 D. & C.

this court was reversed on appeal, on the authority of Willard's Appeal, 65 Pa. 265, wherein Mr. Justice Sharswood said: "It would, perhaps, be a very convenient practice immediately upon the death of a decedent to have all possible questions which might arise upon the construction of his will and in the settlement and distribution of his estate, settled by a decree of the Orphans' Court *in limine*, and by way of anticipation, and by an appeal to the Supreme Court from such a decree, have a final and conclusive determination of the subject. It would certainly save counsel a great deal of responsibility in giving advice. But the acts of assembly which confer jurisdiction on the Orphans' Court may be searched in vain for any such power. Without authority so derived, we must say that the decree below or in this court, on appeal, would be inconclusive and possibly a snare. It would not be binding upon any of the parties; certainly not upon those of them not *sui juris*. Consent cannot give jurisdiction. Any opinion which we should express upon the proper construction of this will in this appeal would be merely extrajudicial." The real question there was whether, because of an exercise of a power of appointment which transgressed the rule against perpetuities, the Orphans' Court had authority to determine in whom the legal title to real estate had vested, and the decision of the Supreme Court is that this court was without jurisdiction to enter such decree. Here we are asked to decree that a trust has terminated because there is but one person in interest and her title is not in question.

Counsel will prepare a decree proper in the premises.