## Johnson and MacEwan v. Provident Trust Co. of Philadelphia.

*Trusts and trustees—Termination of trust by agreement of settlor and beneficiaries.*

1. Although a trust may not have ceased by expiration of time, and although all its provisions may not have been accomplished, yet if all the parties who are or who may be interested in the trust property are in existence and *sui juris*, and if they all consent and agree thereto, courts of equity may decree the termination of the trust and the distribution of the trust fund among those entitled.

2. Where the settlor consents to the termination of a trust created by deed for the benefit and protection of a third person, on the ground that he is capable of managing his own property, and no reason exists for its continuance, the trust will be determined at the request of the *cestui que trust*, notwithstanding the existence of clauses in favor of contingent or substitutionary remaindermen, creating a spendthrift trust for his protection, and declaring the trust to be irrevocable.

Memorandum under Rule 58 of the Rules of the Supreme Court of reasons for the entry of a decree after hearing on bill and answer. C. P. No. 2, Phila. Co., June T., 1923, No. 3682, in Equity.

*Fell & Spalding*, for plaintiffs.

*Townsend, Elliott & Munson*, for defendant.

GORDON, JR., J., Feb. 13, 1924.—This a bill in equity by Eldridge R. Johnson and Eldridge Johnson MacEwan against the Provident Trust Company of Philadelphia for a decree declaring the termination of a trust created by deed dated Sept. 26, 1922, and directing delivery of the *corpus* of the trust to Eldridge Johnson MacEwan, *cestui que trust*, and one of the plaintiffs. The case is before the court on hearing on bill and answer.

The salient facts are as follows: By deed of trust, executed Sept. 26, 1922, Eldridge R. Johnson, one of the plaintiffs, deposited with the Provident Trust Company of Philadelphia, the defendant, 100 shares of stock in the Victor Talking Machine Company, which has since been increased to 700 shares by the declaration of a 600 per cent. stock dividend. The deed of trust provides that the plaintiff, Eldridge Johnson MacEwan, shall receive the net income of the trust until he shall attain the age of thirty years, "at which time said trustee shall pay over, transfer and assign the capital or principal of said trust unto said Eldridge Johnson MacEwan, absolutely, clear of all trusts." The deed further provides as follows: "If said Eldridge Johnson MacEwan should die before he shall have attained the age of thirty years, then and in such case said trustee shall pay over, transfer and assign the capital or principal of said trust unto such person or persons and in such manner, shares and proportions as said Eldridge Johnson MacEwan may by his last will and testament direct, limit and appoint; and in default of such direction, limitation and appointment, unto such child or children of said Eldridge Johnson MacEwan as he may leave living at his decease, share and share alike; and

4 D. & C.

in default also of such child or children of said Eldridge Johnson MacEwan living at his decease as aforesaid, said trustees shall pay over, transfer and assign the capital or principal of said trust unto the person or persons who would have been entitled to take and receive the same if said Eldridge Johnson MacEwan had died intestate possessed thereof absolutely and in his own right and such distribution had been made under the then existing intestate laws of the State of Pennsylvania."

At the time of the creation of the trust Eldridge Johnson MacEwan was a minor. He is now of age and unmarried. The deed also contains a spendthrift clause, and in the seventh paragraph provides: "It is hereby expressly declared that this deed and the trusts thereby limited and declared shall be and are irrevocable." Paragraph 7 of the bill sets forth that "Eldridge R. Johnson has become and is now absolutely convinced that Eldridge Johnson MacEwan, the beneficiary of the said trust, is thoroughly competent and capable of managing and looking after his own property, possessions and investments, and no reason exists why the same should be further held in trust under the terms of the said trust agreement, or why his possession of the said trust property should be longer deferred."

The answer of the defendant objects to the termination of the trust upon the ground: First, that the plaintiffs are not the only persons interested in the trust; second, that the spendthrift clause prevents the termination of the trust; and, third, that by its terms the trust is irrevocable.

We are of the opinion that the first objection raised by the defendant, that the plaintiffs are not the only persons interested in the estate, is not sound. The general rule laid down in Culbertson's Appeal, 76 Pa. 145, is that: "Although a trust may not have ceased by expiration of time, and although all its purposes may not have been accomplished, yet, if all the parties who are or who may be interested in the trust property are in existence and *sui juris,* and if they all consent and agree thereto, courts of equity may decree the termination of the trust and the distribution of the trust fund among those entitled."

This principle has been recognized in a long line of decisions, of which the following may be cited as examples: Sharpless's Estate, 151 Pa. 214; Brooke's Estate, 214 Pa. 46; Harrar's Estate, 244 Pa. 542; Stafford's Estate, 258 Pa. 595; Behringer's Estate, 265 Pa. 111.

The objection under consideration raises a question of parties, and it is, therefore, necessary to consider the nature of the interests created by the deed and what interests must be present before a termination of the trust can be decreed. The defendant contends that the remainder to possible children and heirs-at-law in the event of the death of the *cestui que trust* before the age of thirty years makes such remaindermen necessary parties to this proceeding. We cannot agree with this contention. The interest of the plaintiff, Eldridge Johnson MacEwan, is vested subject to be divested by the contingency of his death before he reaches the age of thirty, and is the only vested interest created by the deed. The trust is raised primarily for the benefit of MacEwan. It is evident from its very terms that the settlor expects the *cestui que trust* to live until thirty, at which time he will receive the *corpus* of the estate absolutely. He now receives the entire beneficial interest, and the contingent or substitutionary interest in possible children and heirs would arise in the event of the death of the beneficiary before thirty and his failure to dispose of the property by will. The beneficiary here has all the *indicia* of complete ownership, save a restriction upon his present enjoyment of the *corpus* of the estate for a limited period due to the spendthrift clause.

Until he reaches thirty, he enjoys the entire beneficial interest, and may, without restriction, dispose of the *corpus* of the estate by will or permit it to pass to his heirs under the intestate laws; and upon reaching thirty, he acquires complete ownership and possession. Except for the spendthrift clause, the interest which is now vested in him is as broad as absolute ownership. The substitutionary remainder to children does not affect the situation, for, of course, there can be no present interest to protect in unborn children of an unmarried man. We are satisfied that, under the authorities, a provision in favor of contingent or substitutionary remaindermen, such as is in the deed of trust under consideration, does not prevent a termination of the trust on the application and agreement of all persons having vested interests: Wyllner's Estate, 65 Pa. Superior Ct. 396; Disston's Estate, 257 Pa. 537; Foyle's Estate, 26 Dist. R. 751; Gallagher's Estate, 26 Dist. R. 176; Richards v. Lawrence, 12 Dist. R. 673; Bruntrager's Estate, 2 D. & C. 747.

With respect to the second objection of the defendant, we are of the opinion that the spendthrift clause in the deed does not prevent our declaring it terminated at the request of all parties interested in the trust. The distinction is well recognized between spendthrift trusts created by will or by a *cestui que trust* for his own benefit and protection, on the one hand, and, on the other, those created by third persons for purposes of protection to the beneficiary, where the necessity for such protection has ceased to exist, there being no other purpose of the trust to be enforced.

The principles upon which spendthrift trusts created by will are upheld are clearly stated in Morgan's Estate, 223 Pa. 228, in which Mr. Justice Stewart said: "The law rests its protection of what is known as a spendthrift trust fundamentally on the principle of *cujus est dare, ejus est disponere*. It allows the donor to condition his bounty as suits himself, so long as he violates no law in so doing. When a trust of this kind has been created, the law holds that the donor has an individual right of property in the execution of the trust, and to deprive him of it would be a fraud on his generosity. For the law to appropriate a gift to a person not intended would be an invasion of the donor's private dominion: Holdship v. Patterson, 7 Watts, 547. It is always to be remembered that consideration for the beneficiary does not even in the remotest way enter into the policy of the law; it has regard solely to the rights of the donor. Spendthrift trusts can have no other justification than is to be found in considerations affecting the donor alone. They allow the donor to so control his bounty, through the creation of a trust, that it may be exempt from liability for the donee's debts, not because the law is concerned to keep the donee from wasting it, but because it is concerned to protect the donor's right of property. . . ." And on page 231: "We repeat, spendthrift trusts are allowed, not because the law concerns itself for the donee; he may conserve or dissipate as he pleases; the law's only concern is to give effect to the will of the donor as he has expressed it. When a donor substitutes for his own absolute right of disposition the pleasure of the donee, the gift is absolute."

In that class of spendthrift trusts in which the beneficiary is likewise the creator of the trust for his own benefit, our courts have held that he who voluntarily and for his own protection puts it without his power to squander his estate makes himself a ward of the court, and cannot revoke his act without the permission of the court, which must be convinced that such revocation will be for the settlor's best interest: Merriman v. Munson, 134 Pa. 114; Reidy v. Small, 154 Pa. 505; King v. York Trust Co., 278 Pa. 141; Reese v. Rush, 13 S. & R. 434.

Trusts have been permitted to be terminated, however, notwithstanding the existence of spendthrift or separate-use clauses, where the reason for the creation of the trust has ceased. For example, in the case of trusts created for married women, when the life-tenant becomes discovert by the death of her husband. See Dodson *v.* Ball, 60 Pa. 492, which contains a clear exposition of the rules which govern this situation. Also, Yarnall's Appeal, 70 Pa. 335; Bristor *v.* Tasker, 135 Pa. 110.

Spendthrift trusts created by will are upheld, as was shown in Morgan's Estate, 223 Pa. 228, solely upon the ground that they are a form of property right in the donor, and that to strike them down would be "a fraud upon his generosity." No such reason exists for refusing to terminate the trust in the present case. The settlor is alive and at the bar of the court. He expressly declares that the reason for his creation of this spendthrift trust has ceased to exist, and that the property right which he reserved in himself he desires now to relinquish and give to the object of his bounty. We see no reason in equity why we should prevent him from doing so. The law cares nothing for the interest of the *cestui que trust* in this regard. He may squander his property as he sees fit, and no principle of equity could protect him. The only person whose interest we would be vigilant to protect has asserted his desire to surrender that interest, and he should be permitted to do so. This brings the case within that class of cases cited above in which the law permits trusts to be terminated, notwithstanding spendthrift clauses.

The third and last objection presented by the defendant to the termination of this trust is that the deed contains a clause declaring that it shall be irrevocable. As already pointed out, both the beneficiary and settlor of this trust are before the court and desire it terminated. No other interest is outstanding. The trustee's duties, apart from the mere collection and payment to the beneficiary of the usufruct of the trust, are passive. The objection to its termination on the ground of its irrevocability is not made by any person having an active interest therein. The settlor consents and the beneficiary agrees. Indeed, it may be doubted whether this may be said to be strictly a revocation of the trust. The settlor seeks merely to make a further gift to the beneficiary of the property right which he retained by advancing the time for delivery of the principal to the beneficiary. We see no legal or equitable objection to his doing so. The purpose for which the clause against irrevocability was inserted has ceased in the judgment of him who caused it to be inserted in the deed, for whose benefit it was not placed there, and who is seeking to make the effect of irrevocability complete by hastening an absolute gift of the trust property to the one in whose interest the entire trust was created. No remainder interests are substantially injured by our decree, for a reduction to immediate possession in the beneficiary of the *corpus* of the estate would not give him a power which he does not already possess to exclude children and heirs from taking under the terms of the trust, for he can do so now under the unrestricted power of disposition by will.

The same fundamental principles that prompt us to permit the termination of this trust, notwithstanding the spendthrift clause, compel us to permit its termination, notwithstanding the clause declaring it to be irrevocable. The reason for its insertion in the deed of trust having ceased, the clause fails as an obstruction to the accomplishment of the legitimate desires of the parties.

Thus having the power to decree the termination of the trust, we have no hesitancy in the present case in doing so, and are of the opinion that the decree was properly entered.