## Piccinini's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Francis S. Goglia* and *James R. Wilson*, for petitioner.

*George Ovington, Jr.*, for respondent.

LADNER, J., May 6, 1938.—From the petition and answer the following facts appear:

Augustine Piccinini, the decedent, died seized of, inter alia, the following real estate: (1) Premises No. 228 Comly Street, Phila.; (2) two lots of ground approximately 25 feet by 107 feet each, located on the west side of Rockwell Avenue, 246 feet $9\frac{3}{8}$ inches and 271 feet $9\frac{3}{8}$ inches, respectively, northeast of Cottman Street, both in the City and County of Philadelphia.

By his last will decedent devised the residue of his estate, including the property just mentioned to his daughter Rose, a minor, of whose estate he appointed Victor Alfonsi (the petitioner) guardian, and appointed Frederick G. Fitt, who has filed answer to the petition, executor.

The will contained an express direction to sell decedent's real estate. Contest proceedings against the will were instituted but happily settled with approval of this court. An account has been filed, audited, and confirmed. Sufficient of the estate has been converted into cash to pay the legacies given in the will and to carry out the terms of the compromise settlement and leave a further balance of cash for the minor.

The real estate first described (228 Comly Street, Philadelphia) remains unconverted for the reason that the guardian objected to a sale thereof for $3,800. A

master appointed to take testimony found the property to be unencumbered, assessed for taxation at $4,000, in fair condition, modern in construction, located in a desirable neighborhood, and to have been continuously rented at $35 per month for at least 14 months previous to the hearing. The master also found that the property was fairly worth $4,600 and likely to increase in value. His recommendation that the agreement of sale for the price of $3,800 be set aside was approved.

The guardian for the minor, in the petition now before us, prays the court to authorize and empower him as testamentary guardian for the minor to enter into an election in writing pursuant to section 32(a) of the Fiduciaries Act of June 7, 1917, P. L. 447, to take the real estate hereinbefore mentioned (more particularly described in paragraphs one and two of the petition) in lieu of the proceeds of any sale thereof. The minor herself, who is 18 years of age, joins in and requests that the prayer of the petition be granted.

An answer by George P. Rohr and Stephanie Rohr, who had the agreement to purchase the property at $3,-800, was filed against the petition. Subsequently by leave of court this answer was withdrawn.

Frederick G. Fitt, the executor, also filed an answer admitting substantially the facts of the petition but suggesting that it is his duty to make and effect a sale "in view of the uncertainties and disadvantages to the minor in owning and holding real estate, the consequent expenses and upkeep and maintenance and uncertainty of collecting rents for the premises", and adds, "that the best interests of the minor would be promoted if the property be sold and proceeds invested with a definite return".

We are not clear that the executor has any standing to object to a petition such as this: Harrar's Estate, 244 Pa. 542. It may be proper that the executor make known to the court any facts which he may have that bear upon

the application. But pleading conclusions in general terms without setting forth specific facts is of little aid; e. g., his answer that the property is in need of repairs without advising the court of the nature and character thereof, together with the probable costs, does not meet the allegation of the petition nor the specific finding of the master that the property is in fair condition; nor does the conclusion that there may be an uncertainity in the collection of rents mean anything in the face of the master's finding of a consistent rental history.

Upon careful consideration of the whole record we have come to the conclusion that the prayer of the petition should be granted. Counsel for the guardian will prepare an appropriate form of decree for submission to the court.