## Sanders v. Lowe

*James G. McDonough,* for plaintiff.
*Robert A. Robinson,* for defendant.

LEACH, P. J., November 21, 1945.—John C. Sander died testate in December 1930. His only bequest was as follows: "I devise that my property (real estate) be held in trust for my daughter Grace E. Sander during her life. In case of her marriage or decease the property can be disposed of as my legal heirs direct." The legal heirs were one son and seven daughters. All of the daughters except Grace E. Sander were married. His personal estate was of small value estimated at about $100, and the real estate was of the estimated value of $4,000.

Thereafter, all of the other legal heirs of John G. Sander conveyed their interest in the said land to

Grace E. Sander. The said Grace E. Sander made an agreement to sell the land to defendant for $5,500, and said defendant has refused tender of the deed on the ground that plaintiff does not have an indefeasible fee simple title in the premises.

The construction of wills usually comes before the court because of some quarrel between the objects of the testator's bounty. In the case at bar it comes before us because the Sander heirs were properly brought up. Their father had the utmost confidence in their good behavior and they proved worthy of that confidence by giving the unmarried sister all of the property.

The sentence "in case of her marriage or decease the property can be disposed of as my legal heirs direct" vested in his legal heirs the power of appointment as defined in A. L. I. Restatement, Property, §318:

"(1) Except as stated in Subsection (2), a power of appointment, as the term is used in this Restatement, is a power created or reserved by a person (the donor) having property subject to his disposition enabling the donee of the power to designate, within such limits as the donor may prescribe, the transferees of the property or the shares in which it shall be received.

"(2) The term power of appointment does not include a power of sale, a power of attorney, a power of revocation, a power to cause a gift of income to be augmented out of principal, a power to designate charities, a charitable trust, a discretionary trust, or an honorary trust."

All of the donees of this power have interpreted that the life estate was given to Grace E. Sander for her support and the gift is valid even though it provides that the estate shall cease upon her marriage: A. L. I. Restatement, Property, section 424.

"An otherwise effective condition precedent, special limitation, condition subsequent or executory limitation which is designed to prevent the acquisition or

retention of an interest in land or in things other than land in the event of any first marriage is invalid, unless the dominant motive of the conveyor is to provide support until such marriage, in which case the restraint is valid."

There is no requirement in the power of appointment given by John G. Sander that his heirs shall be restricted to any particular person, even to an heir, when the power of appointment is exercised.

"Except as stated in §156, if by the terms of a trust it is provided that the trustee shall pay to or apply for a beneficiary only so much of the income and principal or either as the trustee in his uncontrolled discretion shall see fit to pay or apply, a transferee or creditor of the beneficiary cannot compel the trustee to pay any part of the income or principal": A. L. I. Restatement, Trusts, section 155(1).

"Where discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court, except to prevent an abuse by the trustee of his discretion": A. L. I. Restatement, Trusts, section 187.

No court can say that the Sander heirs abused their discretion by generously giving all of the property to the beneficiary of the trust and furthering the purposes thereof.

The Sander heirs can relinquish and transfer their expected appointive interests.

"An object of a power can, for a fair consideration, by an otherwise effective transaction inter vivos

(*a*) relinquish his expectant appointive interest, or any part thereof, so that no appointment to him will be effective;

(*b*) bind his expectant appointive interest, or any part thereof, so that the appointment of any interest to him will give his obligee the right to obtain such appointed interest": A. L. I. Restatement, Property, section 338.

It can be done by deed.

"When the donee, sufficiently identifying property covered by a power, executes a deed purporting to grant the property or leaves a will purporting to devise it, this manifests an intent to exercise the power": Restatement, Property, section 342.

Construction of the will by Pennsylvania decisions would make the heirs of John G. Sander the trustees for the real estate for the daughter for life. The thing sought to be secured by the trust is the support of the daughter Grace. Whereupon the trust estate "continued no longer than the thing sought to be secured by the trust demands": Stafford's Appeal, 258 Pa. 595. Thereupon the trust estate can be collapsed when the support of Grace E. Sander is secured by the property. The rule is as follows (p. 598):

"The rule is established that, 'no matter what may be the nominal duration of an estate given to a trustee, it continues in equity no longer than the thing sought to be secured by the trust demands'; and, when that demand has been fully satisfied, 'although the trust may not have ceased by expiration of time . . ., yet, if all the parties who are or who may be interested in the trust property are in existence and are sui juris, and if they all consent and agree thereto, courts of equity may decree the determination of the trust': Culbertson's App., 76 Pa. 145, 148; Sharpless' Est., 151 Pa. 214, 216; Woodburn's Est., 151 Pa. 586; Harrar's Est., 244 Pa. 542, 549; Packer's Est. (No. 1), 246 Pa. 97, 108-9; see also Disston's Est., 257 Pa. 537. In the case now before us, all present and future interests in the trust property having been acquired by the remainderman, the 'thing sought to be secured,' i. e., the protection of the corpus pending the duration of the life estates, has become unessential. Under such circumstances, it is the right of a cestui que trust to have the legal estate of the trustee declared terminated, even

against the protest of the latter (Harrar's Est., 244 Pa. 550, and other authorities, supra) ; but, as previously noted, here the trustee agrees, which makes the case at bar just that much stronger."

Late decisions are Allen Estate, 347 Pa. 364; Bowers' Trust Estate, 346 Pa. 85, and other cases therein cited.

What is the effect of the Act of June 29, 1923, P. L. 914, 21 PS §11?

"The statute, dropping unnecessary words, provides, 'Hereafter when, . . . by the provisions of any . . . will, . . . property . . . shall be . . . devised . . . in trust, for the use . . . of any person . . . for life, . . . and which shall provide therein that upon, the termination of the estate . . . for life, . . . the remainder over shall vest in the . . . testator's heirs or next of kin or the persons thereunto entitled under the intestate laws, *or other similar or equivalent phrase,* the same shall be construed as meaning the person or persons thereunto entitled at the time of the termination of the estate . . . for life . . . under the intestate laws . . . as they shall exist at the time of such termination; and such phrases shall not be construed as meaning the person or persons who were the heirs or next of kin . . . at the time the testator died'; with a proviso against a construction preventing a testator from expressly or by necessary implication directing otherwise." Bonsall's Est., 288 Pa. 39, pp. 40, 41.

By "necessary implication" the life trust would be terminated by the marriage or death of the beneficiary. The intent of the testator was to provide for her support and therefore there is nothing to prevent her voluntary termination of her estate any time her support is assured.

"When an attempted prior interest fails because the person to whom it is limited renounces it, succeeding interests are accelerated except when

(*a*) the terms and circumstances of the limitation manifest a contrary intent (see sections 232 and 233) ; or

(*b*) the person renouncing such attempted prior interest effectively claims an interest in derogation of the dispositions sought to be made and thereby causes

(*i*) the application of the attempted prior interest to the satisfaction of the renouncer's new claim; or

(*ii*) the failure of the entire disposition; or

(*iii*) the sequestration of the attempted prior interest in accordance with the rule stated in section 234(a)"; A. L. I. Restatement, Property, section 231.

Whether she released her estate to the other heirs first, or the other heirs conveyed to her before she makes a deed to defendant makes no difference, the result is the same.

"Failure of an appointment to satisfy formal requirements imposed by the donor does not cause the appointment to be ineffective in equity if

(*a*) the appointment approximates the manner of appointment prescribed by the donor; and

(*b*) the appointee is a wife, child, adopted child or creditor of the donee, or a charity, or a person who has paid value for the appointment": A. L. I. Restatement, Property, section 347.

If the power of appointment had not been exercised before the death, without descendants, of one or more of the spouses of the testator's children, the statute would have prevented said spouses from having any interest in a subsequent conveyance of the land.

And now, November 21, 1945, judgment is entered in favor of plaintiff and against defendant in the sum of $5,500 and upon payment by defendant to plaintiff of said sum said plaintiff shall deliver to said defendant, Esther Williams Lowe, a deed conveying said land to her, her heirs and assigns, which deed shall contain a general warranty.