384 Pa. 619 (1956)
Weiskircher Estate.
Supreme Court of Pennsylvania.
Argued March 16, 1956.
April 16, 1956.
*620 Before STERN, C.J., JONES, BELL, MUSMANNO and ARNOLD, JJ.
C. Francis Fisher, with him Brenlove, Fisher, Stein & Winters, for appellant.
Herbert M. Lurie, with him Robert T. Stokes, Jr., Chauncey E. Brockway, Stokes & Lurie and Brockway, Brockway & Acker, for appellee.
OPINION BY MR. JUSTICE BELL, April 16, 1956:
Testatrix directed her executors to fulfill the agreement she had made in her lifetime with her step-daughter, Stella, concerning the interest in the real estate at 401 Fifth Avenue, McKeesport, Pa., which was held by them in common. Testatrix further provided that, subject to the provisions of the eighth paragraph of her will, her executors should sell and dispose of all of her real estate, and then directed that her residuary *621 estate, including the proceeds of the sale of her real estate, should be divided by her executors into nine equal shares and "disposed of" to her named nieces and nephews and the named children of a deceased niece.
The residuary legatees elected to take the Fifth Avenue real estate in kind, and the Court sustained their right.
It is a well settled general principle of law that "when the proceeds of real estate are devised, the persons beneficially interested may elect to take the fund as real estate. The devisee may take it either as land or money.": Harrar's Estate, 244 Pa. 542, 549, 550, 91 A. 503.
The eighth paragraph of testatrix's will provided as follows: "Eighth: I direct my executors hereinafter named to fulfill any agreement which I may have with my stepdaughter, Stella[*] K. Schroeder, concerning my interest in the real estate now held by us in common, and devised to us under the Last Will and Testament of Jacob Weiskircher, deceased; and until such time as my interest therein may be disposed of or sold, I direct my executors to manage, lease and let the same, collect the rents and income therefrom, and use the net income towards payment of the legacies mentioned in the third and seventh paragraphs hereof, if no other funds are available for their payment, and after payment of the same, divide the remaining income among my residuary legatees herein named.
"It is my wish and I so direct that should my stepdaughter, Stella K. Schroeder, survive me, she shall have the first offer to purchase my interest or share in said real estate, either before or after the term mentioned in said agreement, if agreeable to her, at a fair valuation, and such as may be mutually agreed upon *622 between the said Stella K. Schroeder and my executors herein named. Should she exercise the right to purchase herein mentioned, I direct my executors to make sale thereof to her, and to execute and deliver to her good and sufficient deeds and assurances therefor, free from any liability for the application of the purchase money."
The will is uncertain in meaning and, taken in conjunction with the agreement which testatrix made in her lifetime with Stella, is confusing. That agreement provided in pertinent part as follows:
"2. Each of the parties hereto mutually grant to the other party and to her heirs, devisees and legal representatives the right of first refusal in case of a proposed sale of any interest or estate in said real estate, that is to say, after the death of either party, whenever the surviving party hereto, or any of the heirs, devisees or legal representatives of either party, are desirous of selling or conveying their undivided interest in said real estate, or any part thereof, upon receiving a bona fide offer to purchase same at an agreed upon price, then in each and every instance, before accepting said offer, written notice thereof shall be given to the other party or to her heirs, devisees and legal representatives, stating the name of the purchaser or purchasers, the price offered and the conditions of sale, whereupon the party or parties receiving said notice shall have an option, for a period of thirty (30) days thereafter within which to elect, in writing, to purchase said undivided interest for the same terms and conditions as contained in said acceptable offer, . . . . This option shall be subject to the limitation that with respect to the heirs, devisees and legal representatives of either party after acquiring an interest in said real estate, they shall be free to bargain and sell from one to the other within their own group any right or interest in said real estate, *623 or create an estate by the entireties with their respective spouses, without notice to the other party or her heirs, devisees and legal representatives, as they respectively may desire."
The agreement also recited that testatrix and Stella should continue their ownership of the real estate as tenants in common during their lives or the life of either of them; and that the agreement shall be binding upon the parties, their heirs, devisees and legal representatives.
Testatrix had undoubtedly a right in and by her will to extend Stella's rights under the agreement so far as her own legatees or devisees were concerned; and she could, likewise, limit in and by her will the rights which her legatees or devisees were given under the agreement. This she unquestionably did in her will.
The executors and Stella claim that the will by its terms creates an active trust to endure during the lifetime of Stella or until the time that Stella exercises her right to purchase, and that in the meantime the executors had the right to manage and lease the property and collect and distribute the rents until the real estate was sold. No one has questioned the validity of the agreement between testatrix and Stella  they only question its interpretation.
While the will and the agreement, when read and construed together, are far from clear, we believe this is what the testatrix intended: The executors should have the power to manage and lease the real estate and collect the rents and distribute the net income until her interest therein was sold or disposed of by the executors. However, if no sale was made by the executors within a reasonable time, the beneficiaries (or devisees) of the proceeds of sale had the right to take the real estate in kind. See Harrar's Estate, 244 Pa., supra. The testatrix also intended that Stella should *624 have the right to purchase testatrix's interest or share in the real estate at a valuation mutually agreed upon between Stella and the executors, in which event the executors were directed to sell and convey the interest to Stella. If, however, Stella and the executors did not agree upon a mutually satisfactory sale price within a reasonable time, then under the facts and the law, the named residuary legatees or devisees would have the right to take the real estate in kind. The residuary legatees or devisees would have the right to sell from one to the other within their own group their respective right or interest in the real estate; but if they (or their heirs or devisees or legal representatives) desired to sell to a third party the undivided interest which testatrix had owned in said real estate, Stella would have the option to purchase said interest at the same price and on the same terms and conditions as contained in an acceptable offer (said option to exist for 30 days after notice), with the further privilege of making settlement within three months.
We further decide that, under the facts in the instant case, a reasonable time within which Stella must consummate a mutually satisfactory agreement of sale with the executors, would be six months after the entry of a modified decree by the lower Court.
The decree of the Orphans' Court as thus modified is affirmed; a new decree shall be entered by the Court below in accordance with this opinion. Each party shall pay her and their respective costs.
NOTES
[*] Italics throughout, ours.