## Shallcross's Estate.

*Will— Vested interest—Survivor.*

Where a testator gives property to a trustee in trust for the minor children of a son, naming them, " until they respectively arrive at lawful age, or the survivor of them, or the heirs of such survivor, share and share alike," and by codicil postpones the bequest until they attain the age of twenty-five years, and all of the minor children named in the will survive the testator, their respective estates vest in them and they are entitled to receive their shares when they reach their majority, the postponement to twenty-five years being void, as contrary to the rule against perpetuities and accumulations.

The rule is well settled in Pennsylvania that the period of survivorship is to be taken as the death of the testator, unless a contrary intent is apparent.

Argued Jan. 30, 1901.  Appeal, No. 313, Jan. T., 1900, by Amos C. Shallcross, Trustee, from decree of O. C. Phila. Co., Jan. T., 1891, No. 415, dismissing exceptions to adjudication in the Estate of Lewis Shallcross, Deceased.  Before McCol-LUM, C. J., MITCHELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to adjudication.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in overruling exceptions to adjudication.

*Lewis Stover*, for appellant.—The word " survivor " here must be referred to the children, and not to the testator, to make sense of the rest of the will and codicil, and the fact that to refer this word to the testator destroys the sense of the codicil and half the will, ought to be conclusive evidence that the testator at least did not so intend it: Kelly's Est., 193 Pa. 45; Steinmetz's Est., 194 Pa. 611; Provenchere's App., 67 Pa. 463.

The intention of the testator was that the word " survivor " should relate to the death of one of the children and not to his own death: Arnold v. Jack, 24 Pa. 57; Jack v. Arnold, 1 Grant, 405; Kerr v. Verner, 66 Pa. 326; Jones v. Cable, 114 Pa. 586; Woelpper's App., 126 Pa. 562; Krebs's Estate, 184 Pa. 222; Kelly's Estate, 193 Pa. 45; Steinmetz's Estate, 194 Pa. 611.

The testator has expressed his intention that this trust shall continue until each child shall arrive at the age of twenty-five years, in words too clear to need any argument.  It is an active legal trust in the nature of a spendthrift's trust to preserve her estate until she arrives at further years of discretion, therefore, could not become executed during the period declared for its duration: Kelly's Estate, 193 Pa. 45; Krebs's Estate, 184 Pa. 222; Hemphill's Estate, 180 Pa. 95; Earp's App., 75 Pa. 119; Vaux v. Parker, 7 W. & S. 19.

The whole of Ida V. Shallcross's share should have been awarded to the trustee under the authority of Steinmetz's Estate, 194 Pa. 611, Kelly's Estate, 193 Pa. 45, and Krebs's Estate, 184 Pa. 222.

*Samuel Wakeling*, for appellees, cited as to the vesting of the

estate: Washington's Est., 75 Pa. 102; Johnson v. Morton, 10 Pa. 245; Ross v. Drake, 37 Pa. 373; Woelpper's App., 126 Pa. 562; Sterling's Est., 24 W. N. C. 495; Provenchere's App., 67 Pa. 463; Lantz v. Trusler, 37 Pa. 482; Young v. Stoner, 37 Pa. 105; Chew's App., 37 Pa. 23; Minnig v. Batdorff, 5 Pa. 503; Williams's App., 4 W. N. C. 189; Yarnall's App., 70 Pa. 335; Womrath v. McCormick, 51 Pa. 504; Muhlenberg's App., 103 Pa. 587; Richardson's App., 19 W. N. C. 175; Fairfax's App., 103 Pa. 166; McBride v. Smyth, 54 Pa. 245; Barclay v. Lewis, 67 Pa. 316.

As to the income and its accumulations: Washington's Est., 75 Pa. 102; Farnum's Est., 191 Pa. 75.

OPINION BY MR. JUSTICE POTTER, July 17, 1901:

The trust estate in controversy was created under the will of Lewis Shallcross, in the following words:

"Item. I give, devise and bequeath unto my said executors hereinafter named, and the survivor of them, the one full equal half part, or share, of my estate, both real and personal. In trust for the minor children of my son, Lewis W. Shallcross, until they respectively arrive at lawful age, viz., Omar Shallcross, Jennie C. Shallcross, Ida V. Shallcross, Norman Shallcross, Ethel Shallcross, Lewis Shallcross, Jr., and Amos C. Shallcross, Jr., or the survivor of them, or the heirs of such survivor, share and share alike. And I hereby appoint my son, the said Amos C. Shallcross, guardian of said minor children. He, the said Amos C. Shallcross, to have full power and authority to pay the income arising from their respective shares as aforesaid, or so much thereof as may be necessary for the maintenance and education of said minor children."

To which was added a codicil:

"Whereas, in and by my above will, I have given my executors and trustees one equal half part of my estate to be held by them in trust, etc., and to pay to the children of my son, Lewis W. Shallcross, when they respectively arrive at lawful age. I wish now to make it twenty-five years of age.

"Item. I now order and direct my said executors and trustees to hold in trust as aforesaid the one equal half part of my estate for the use, etc., of the children of my said son, Lewis W. Shallcross, and to pay them the principal as aforesaid when

and as soon as they shall severally attain to the age of twenty-five years, hereby ratifying and confirming my above will in all other respects."

The question in this case is as to the use of the word "survivor." If it is to be referred to the death of the testator, the adjudication in the orphans' court was correct, and should be confirmed. The rule is well settled in Pennsylvania that the period of survivorship is to be taken as the death of the testator, unless a contrary intent is apparent. A careful consideration of the will, fails to show any such intent. Upon the contrary, the language of the codicil seems to indicate clearly the intention of the testator to give to the children of his son, Lewis W. Shallcross, the one equal half part of his estate. All the grandchildren, who were thus made the objects of the testator's bounty, did survive him, and their interests in the estate vested, and became absolute, at his death. The trust which was created for the grandchildren during their minority was good, but the subsequent provision of the codicil, postponing the payment until they severally attained the age of twenty-five years, was void, as contrary to the rule against perpetuities.

The interest of Jennie C. Shallcross in the estate, was vested in her at the death of the testator, and she having died at the age of twenty-two years, her share in the estate, together with its accumulations, was properly awarded to her mother, under the intestate laws.

While it was evidently the wish of the testator to postpone the payment of the bequests to the grandchildren until they attained the age of twenty-five years, yet this desire cannot be upheld, as it is against the rule of public policy, forbidding restraint in the use or disposition of property, in which no one but the beneficiary has any interest.

The assignments of error are all overruled, and the decree of the court below is affirmed.