## Bennett's Estate.

*Trusts and trustees—Wills—Vested estates—Gift autre vie.*

Where a testator gives legacies to three grandchildren, but in a subsequent clause in his will directs that the legacies shall be held in trust as long as the father of the legatees shall live, the income to be paid to the legatees, and upon the death of their father the principal to be paid to them, and no active duties are imposed upon the trustee, the trust is void and the legatees are entitled to the principal of the legacies irrespective of the trust.

Argued Oct. 15, 1909. Appeal, No. 209, Oct. T., 1900, by Frank P. Martin, Assignee of J. Elwood Phipps et al., from decree of O. C. Phila. Co., Jan. T., 1909, No. 249, dismissing petition to pay over legacies in Estate of Thomas E. Bennett, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Petition to pay over legacies.
The facts appear by the opinion of the Superior Court.

*Error assigned* was decree directing payment of the legacies.

*Joseph M. Smith*, for appellant.—When a person is entitled absolutely to property, any provision postponing its transfer or payment to him is void: Moore v. Smith, 9 Watts, 403; Middleton's Est., 212 Pa. 119; Shallcross's Est., 200 Pa. 122; Hallowell's Est., 16 Pa. Dist. Rep. 17; Brubaker's App., 1 Mona. 447; Ritter's Est., 190 Pa. 102.

No printed brief filed for appellee.

OPINION BY HENDERSON, J., March 3, 1910:
By the fourth clause of the testator's will, legacies were given to his six grandchildren. As to three of the grandchildren, whose interests are now owned by the appellant, it is provided that their legacies be placed in trust with the Chester County

Company to remain there as long as their father might live, and at the death of their father that their respective bequests to be paid in full to them; the income from their bequests, however, to be paid to each legatee semiannually in the meantime. The will does not impose any express duty on the trustee nor direct in any way the manner in which the fund shall be held except as may be implied from the requirement that the income be paid over. No discretion is vested in the trustee, nor is authority given to expend any part of the principal or income. That a legacy, thus separated from the rest of the estate and given to a trustee for the use of the legatee without more is a vested bequest, we think is clear. The gift is absolute to the legatee, and no interest therein exists in any other person. In such a case a trust gives to the party beneficially interested a right to possession, control and disposal of the property, and the legal estate becomes executed in him except where it is necessary that it remain in the trustee to preserve it for the cestui que trust or to transmit it to others as directed. If the case were one of an active trust a legal estate would remain in the trustee to the end that he might discharge the duties imposed by the donor. But the clause under consideration does not create an active trust, as we have seen. The principle is well recognized that a passive trust does not continue the estate in the trustee except for such useful purposes as the law will protect, as in the case of a trust for a married woman to protect her estate from her husband, or a trust for a spendthrift to protect it from creditors. Where a gift is made to a person absolute in terms a provision postponing payment thereof is void in pursuance of the general rule that it is against public policy to restrain one in the use or control of property in which he alone is interested: Gray on Perpetuities, sec. 120; Shallcross' Estate, 200 Pa. 122. The cases in which trusts have been sustained, notwithstanding restrictions imposed, are those where some lawful condition accompanied the trust which would be ineffective unless the trust was sustained; as where the discretion is given to hold the estate: Kreb's Estate, 184 Pa. 222; Marshall's Estate, 147 Pa. 77; or the familiar instance of a spendthrift trust. Spring's Estate, 216 Pa. 529, is

distinguishable from the case which we are called on to decide. In that case an active trust was created. The trustee not only had sole control and management of the share in question, but was authorized to collect and receive the income and pay out therefrom at her discretion such sums as said trustee might from time to time deem best for the interest of the cestui que trust. There was also discretionary power in the trustee to terminate the trust when in her judgment the interest of the grandchildren would be best subserved by so doing. Such a trust may be created as a protection to the beneficiary because of his inexperience or inability to manage his estate or for any other purpose not illegal. But we do not consider it a warrantable inference from the mere fact of the creation of a trust that the beneficiary is improvident or extravagant in the judgment of the donor; for otherwise the presumption would be in favor of every trust, since the fact of its creation would justify the conclusion that the cestui que trust was incapable of caring for his own estate. A restriction on the enjoyment of an estate, which has no other justification for its existence than the desire of the donor to postpone the period of its enjoyment by the cestui que trust cannot be supported. In Shallcross' Estate there was an evident wish of the testator to delay the payment of the bequests until the legatees attained the age of twenty-five years, but it was said that this desire cannot be upheld because it is against the rule of public policy forbidding restraint in the use or disposition of property in which no one but the beneficiary has any interest. Ritter's Estate, 190 Pa. 102; and Brubaker's Appeal, 1 Monag. 447, are pertinent authorities bearing on this subject.

We are of the opinion that the provision postponing the time of enjoyment of their estates by the legatees is ineffective to prevent them from demanding a delivery of the corpus of the estate to them.

The decree is therefore reversed and the record remitted to the court below with instruction to enter a decree in conformity to this opinion.