## Cummins's Estate.

*Wills—Construction—Definite and indefinite failure of issue—Issue construed descendants.*

A gift in trust to testator's daughter until she shall have attained the age of twenty-five, at which time the principal is to be paid to her or her issue, with a gift over to testator's widow in case the daughter should not attain that age or leave issue surviving her, is not in violation of the rule against perpetuities, as the word "issue" is to be construed as equivalent to "descendants."

Exceptions to adjudication. O. C. Phila. Co., April T., 1913, No. 14.

The will under which this controversy arose was executed Jan. 24, 1912.

*Hepburn & Hepburn* and *James P. Fogarty,* for exceptants.

*Henry A. Hoefler,* contra.

LAMORELLE, P. J., Nov. 22, 1923.—It is manifest that the will as drafted was intended to effect a division of the estate between testator's wife and his daughter by his former wife, under the intestate laws, except to this extent: That the daughter's share was to be withheld from her not only during minority, but until four years thereafter. The will so prepared would seem not to have expressed testator's intent, for on the *same date,* and presumably at the same time, he executed a codicil, wherein he directs that the fourth paragraph, whereby two-thirds was given for the benefit of his daughter or *her heirs,* be stricken from the will, and that this following item be substituted:

"Fourth: I give, devise and bequeath unto my Executors, hereinafter named, all the rest, residue and remainder of my estate, in *trust, nevertheless,* to pay the net income therefrom to or for the account of my daughter, Edith Cummins, until she shall have attained the age of twenty-five (25) years, at which time this trust is to cease and determine and the principal of such bequest is to be paid to her or her issue. Should my said daughter, Edith Cummins, not attain twenty-five years of age or not leave issue surviving her, then, and in that event, the principal of my estate so devised and bequeathed her shall be paid to my wife, Anna Ginley Cummins, her heirs and assigns absolutely and forever."

The present accounting is the result of a citation issued against the accountant on the part of the daughter. She has attained her majority, is married, and has one minor child. Her contention, as we understand it, is that she has a vested interest in the *corpus,* and that it is against the policy of the law (see Shallcross's Estate, 200 Pa. 122) to withhold the fund after she is of full age.

The auditing judge upheld the trust, and the question is now before us on exceptions.

It seems too clear for serious argument to the contrary that the trust must continue until the death of the daughter or until she reaches the age of twenty-five years.

When the testator struck from the will the fourth paragraph thereof and substituted another "fourth paragraph" therefor, he likewise necessarily eliminated from the will its second paragraph; it reads:

"All the rest, residue and remainder of my estate, real, personal or mixed, of whatever kind or wherever situate, I desire and direct shall be divided according to the intestate laws of the State of Pennsylvania."

This is apparent for two reasons: (1) The gift over to testator's widow; and (2) the limitation to the daughter's "issue" in case she died before reaching the age of twenty-five years, leaving issue her surviving.

Cummins's Estate.

In Mayhew's Estate, 1 D. & C. 305, we had occasion to construe the word "issue" in a will in many respects similar to the one in the instant case: Said Judge Gummey (at page 306), in speaking for the court: "There are no technical words of limitation in the will, such as 'heirs' or 'heirs of the body,' which, without more, would make the rule in Shelley's Case applicable (see Stout v. Good, 245 Pa. 383, 387), but the estate is limited to the 'issue' of the testatrix's daughter. While the word 'issue' in a will means prima facie the same as 'heirs of the body,' and is frequently used as a word of limitation, yet it is not technically so, and readily yields to a context showing that it was intended as a word of purchase (Taylor v. Taylor, 63 Pa. 481), or as the thought is expressed by Mr. Chief Justice Moschzisker in English's Estate, 270 Pa. 1, 4: 'While 'issue,' when used in a devise, has been held time and again to mean the same as 'heirs of the body,' yet such construction was adopted only on the theory that the word was probably so intended by the testator, and not with the idea that the term 'issue,' of and in itself, is the equivalent of the technical phrase 'heirs of the body.' "

"We do not believe that this testatrix used the word 'issue' as the equivalent of the technical phrase 'heirs of the body,' but in the sense of 'descendants:' See Lee v. Sanson, 245 Pa. 392." See, also, Swift's Estate, 3 D. & C. 553.

As we are all of opinion that from the context the word "issue" is here to be interpreted as meaning descendants, we see no reason for adding to what has been said by the auditing judge.

The exceptions filed by the widow of testator, which refer to overpayments of income, were not pressed. When the trust terminates, if it is then found that she is entitled at all, she will take the principal unimpaired. At present these exceptions need not be considered.

Accordingly, all exceptions are dismissed and the adjudication is confirmed absolutely.