## Gill's Estate.

*Trusts and trustees—Maintenance and support of children—Continuance of trust after termination of minority.*

1. An active trust may be created as a protection to the beneficiary because of his inexperience, improvidence, inability to manage his estate, or for any other purpose not illegal, which the benefactor may deem wise or expedient in order to carry out his intention.

2. An active trust will not be terminated by a decree of court on the beneficiary arriving at majority where it appears that the will of the testator bequeathed the whole of his estate to his executors in trust for the maintenance and education of his children, and directed that the executors should not deliver any of the principal, but keep the same invested for the best interests of his children, until, in the best judgment of the executors, they deemed it wise and prudent to deliver the principal to the children.

Rule to declare trust illegal and void. O. C. Schuylkill Co.

*Bashore & Bashore* and *Edgar Downey*, for petitioner.

*John F. Whalen* and *George Ellis*, for trustee.

WILHELM, P. J., Jan. 17, 1927.—This is the petition of Nora C. Amour to reopen the order of court filed March 22, 1926, in pursuance of a rule upon the Shenandoah Trust Company, trustee under the will of Richard F. Gill, to show cause why the discretion given it should not be exercised and the entire estate paid the petitioner.

Upon this petition a rule was granted upon the Shenandoah Trust Company, executor and trustee under the will of Richard F. Gill, and other legatees named in said will, to show cause why the trust created by the said will should not be declared illegal and void.

In the opinion filed March 22, 1926, the question of the legality of the trust was not passed upon, because that question was not raised in the petition presented and the rule issued to show cause why the discretion given the executors should not be exercised and thereby the trust terminated and the entire estate paid to the petitioner.

Gill's Estate.

The petition before us, upon which a rule to show cause why the trust provided for in the will of Richard F. Gill should not be declared illegal and void, and why the principal of the estate, now held by the executor, should not be paid to the petitioner, the party entitled to receive the same, raises the question to be decided.

In the first instance we declined to supervise the judgment placed by the testator in his trustees, because the testimony offered by the petitioner did not convince us that the judgment exercised by the trustees is fraudulent and the best interests of the petitioner not subserved thereby.

This petition attacks the legality of the trust and attempts to strike it down for the reason that there is no limitation over and the trust is not an active one.

This brings us to a consideration of the will from a new angle. The parts of the will to be considered in this connection are as follows:

"Item. I devise and bequeath to my executors hereinafter named, in trust for my children Thomas F. Gill and Nora C. Gill for their maintenance and education, all my estate real, personal or mixed of whatever description wherever the same may be found. I direct that my executors shall either continue my dry goods store business on North Main Street, Shenandoah, Pa., or sell the same as they may deem best, the profits of said business or the proceeds of the sale of it to be considered as part of my personal estate and held in trust by executors for my children or the survivor of them.

"Item. I direct that my executors hereinafter named shall not deliver over any of the principal held in trust by them, for my children or the survivor of them, but keep the same invested according to their best judgment, for the best interests of my children or the survivor of them until such time as my executors in their best judgment deem it wise and prudent to deliver over the same to them, the principal to be so invested so as to bear sufficient interest for their education and maintenance, and when in the best judgment of my executors they deem it wise and prudent to deliver to my children or the survivor of them the principal of the said trust funds, and what may be then in their hands of the interest or income arising therefrom."

It will be noted that the trust created for the children of the testator was to secure their maintenance and education, and to effectuate that most certainly the executors and trustees were given power to continue the drygoods store business or sell the same as they may deem best. The profits of the drygoods business or the proceeds of its sale were made a part of the personal estate and held in trust for his children. The trustees were specifically directed not to deliver any part of the principal, but to keep the same invested according to their best judgment and the best interests of his children until such time as his executors in their best judgment deem it wise and prudent to deliver over the same, the principal of the estate to be so invested as to bear sufficient interest for the education and maintenance of his children, and when the trustees in their best judgment deem it wise and prudent to deliver the principal, what remains in their hands of principal and interest is to be delivered to the children.

It would appear that the question raised here is controlled by the rule laid down in Spring's Estate, 216 Pa. 529, where it was held that active trusts may, except when restricted by statute, be created for every purpose not unlawful. An active trust may be created as a protection to the beneficiary because of his inexperience, improvidence, inability to manage his estate, or for any other purpose not illegal which the benefactor may deem wise or expedient in order to carry out his intention.

Gill's Estate.

In Spring's Estate, the testamentary trustee was vested with authority to pay the income to the *cestuis que trustent* from time to time as the trustee might deem to be for their best interests, with power to terminate the trust in respect to any one or all of the *cestuis qui trustent*, at any time the trustee may deem best, reposing in the trustee a discretion to be exercised in the discharge of his fiduciary duties, and it was here held that the testator clearly indicated that the trust must continue to the time fixed in the will for its termination.

In Bennett's Estate, 41 Pa. Superior Ct. 579, the court, in distinguishing Spring's Estate, said: "The trustee not only had sole control and management of the share in question, but was authorized to collect and receive the income and pay out therefrom at her discretion such sums as said trustee might, from time to time, deem best for the interest of the *cestui que trust*. There was also discretionary power in the trustee to terminate the trust when in her judgment the interest of the grandchildren would be best subserved by so doing. Such a trust may be created as a protection to the beneficiary because of his inexperience or inability to manage his estate, or for any other purpose not illegal."

In the will under consideration, the trustees were invested with the duty to provide for the maintenance and education of the *cestui que trust*, were given discretion as to whether or not they should continue the drygoods business of the testator, and, in the event of their decision that the drygoods business should be disposed of, the proceeds of the sale were to be held in trust for testator's children.

The trustees were directed not to deliver over any of the principal held in trust, but keep the same invested according to their best judgment, and directed so to invest it that sufficient income may be obtained for the education and maintenance of the *cestuis que trustent*, and to pay over the principal only when the trustees deem it wise and prudent, at which time the principal as well as all the income is to be paid over.

The petitioner holds that the trustee exercised its discretion concerning the drygoods business by closing it out, and that the provision for the education and maintenance of the *cestui que trust* was limited to her minority; that the trustee has presently no active duties to perform, because the daughter, the surviving child, has reached her majority; that the trust is, therefore, a dry trust and should be dissolved.

The will has not limited the maintenance of the *cestui que trust* to the period of minority. The necessity to keep the principal of the trust invested according to the best judgment of the trustee is a continuing one, and a duty not to pay or deliver the principal to the *cestui que trust* until, in its best judgment, it is wise and prudent to do so is an ever-present obligation on the part of the trustee until, in its best judgment, it becomes wise and prudent to terminate the trust.

In this will the testator devised and bequeathed the whole of his estate to his executors, three in number, in trust for the maintenance and education of his children, and directed that his executors shall not deliver over any of the principal, but keep the same invested for the best interests of his children until, in the best judgment of the executors, they deem it wise and prudent to deliver the principal. The Shenandoah Trust Company is presently the sole trustee.

This language would preclude the thought that the testator was attempting to postpone the time of payment only, but rather, for reasons best known to himself, he had grave doubts as to the wisdom of the children receiving the

Gill's Estate.

principal when they reached their majority, and, having confidence in the judgment of his executors, he substituted their judgment as to the proper time of payment for his judgment.

In the light of subsequent events, it would seem that the testator's judgment was sound, and the postponement of the time of payment was a wise provision for serving the best interests of his daughter and her children, as indicated in the opinion filed by this court March 22, 1926. The purpose for postponing the payment of the principal was, no doubt, prompted by affection and a desire to protect his children and their issue rather than to postpone the payment. This purpose is not an illegal one. It does not violate the statute against perpetuities, because when the time arrives for the payment of the principal, it shall be paid and thereby the intention of the testator will be consummated.

The testator, no doubt, knew that the trustee could not legally withhold the payment of the principal capriciously, and that the exercise of judgment on the part of the trustee is always under the supervision and control of the court, and, having that thought in mind, he believed that the best interests of his children would be served by submitting the time of payment to the judgment of the trustees.

The object of the testator being a lawful one and not being in restraint of alienation, and working for the best interests of the *cestui que trust,* as hereinbefore indicated, the trust should be sustained.

The petition for an order to declare the trust created illegal and void is dismissed.

From M. M. Burke, Shenandoah, Pa.