## Allen's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*John J. McDevitt, Jr.*, for exceptant.

*G. Nicholaus* and *William D. Harkins*, for trustee.

*Nathan J. Bonx* and *Glenn A. Troutman*, contra.

VAN DUSEN, P. J., November 6, 1942.—Testatrix gave a fund in trust to pay the income to her sister Rosa for life, and at the death of Rosa to pay the principal to Eleanor and Carl, in the event that they arrive at the age of 30 years; otherwise "then I direct that the share of either or both of them be held in trust by my said executors and trustees until he, she, or they shall have arrived at the age of thirty years, and be distributed and paid over to them as above set out." Rosa has died. Eleanor and Carl had not then attained the age of 30 years. The auditing judge awarded the principal to them.

Exceptant argues that the gift to Eleanor and Carl is contingent upon their reaching the age of 30 years, and that if the contingency is not performed the fund falls into the residue. The contingency is said to arise from the use of the verb "pay", citing Moore v. Smith, 9 Watts 403, and Kountz's Estate (No. 1), 213 Pa. 390.

This court has held that the use of this verb, without more, does not imply a contingency of survival to receive the gift in person: Buckman's Estate, 13 D. & C. 653; Carson's Estate, 16 D. & C. 99; Ingham's Estate, 17 D. & C. 251; Stocker's Estate, 21 D. & C. 637; and the Supreme Court has supported us: Lloyd's Estate, 326 Pa. 230.

If there is an absolute gift with possession postponed, the restraint on full enjoyment is void: Shallcross' Estate, 200 Pa. 122; Bennett's Estate, 41 Pa. Superior Ct. 579, and other cases collected by Mr. Hunter in his Commonplace Book, vol. II, Trusts, §7(c).

The exceptions are dismissed and the adjudication is confirmed absolutely.