## Howard's Estate

*Malcolm Muir,* for petitioner.

*S. Dale Furst, Jr.,* of *McCormick, Herdic & Furst,* for respondent.

HUMES, J., January 16, 1943.—Editha A. Howard, by her last will and testament, with codicil, established a trust fund, providing for a life estate therein to her two children, with remainder over in one half of the estate to the children of each life tenant when the youngest child of each life tenant should arrive at the age of 30 years, the income to be paid to such children meanwhile. Testatrix's son died before her, and distribution has been made to his children of their half of the estate; testatrix's daughter died in July 1942, leaving to survive her one child, William Howard Rothfuss, now 25 years old, who seeks to have the trust terminated at this time instead of five years hence.

The procedure would seem to have been properly followed. Had the trustee been willing to join in the proceedings to have the trust terminated, a petition might have been presented at the audit, but since the trustee was apparently unwilling to join, and the proceedings are thus adverse, the method followed is proper, 1 Remick Orphans' Court Practice (3rd Ed.) 591-593, and the fact that an account had previously been filed does not complicate the matter or vitiate the citation, because an account would have been required in any event: Ibid p. 594.

The rule against perpetuities, as stated in 48 C. J. §4, p. 937, ". . . is that no interest within its scope is good unless it must *vest,* if at all, not later than 21 years after some life in being at the creation of the interest". (Italics supplied.) Since the interest of any child of Marcia Rothfuss would be *vested* at the time of her

death, clearly the rule against perpetuities is not violated by the provisions of the Howard will.

At 48 C. J. 934, §2, is stated:

"Whether a limitation of an interest or estate is void for remoteness depends upon whether it violates that rule"; and at 13 A. L. R. 1033, we find that it is "an accepted principle that the rule against perpetuities applies only to a postponement of vesting, and not to a postponement of enjoyment."

Since this case certainly does not violate that principle as stated, then if the question here only involved the rule against perpetuities, (or the rule against remoteness, as it is more accurately styled by Corpus Juris), we should be compelled to hold against the petitioner.

But we believe there is, or should be, a corollary to the rule against remoteness of the vesting of estates or interests, a ban against a too remote enjoyment or use; we believe such a corollary is as warranted as the rule itself, and its basis just as logical as that of the original rule.

The rule against perpetuities is said to be:

"Founded upon the public policy which disapproves the total exclusion of property from social commerce for long periods of time . . . aimed against the unreasonable continuance of that sort of indirect restraint on alienation which is accomplished by the creation of future interests", and designed "to cut out the limitations which, if allowed to take effect, would produce the consequences desired to be avoided": 48 C. J. 934, §2.

Many jurisdictions have held that it is against public policy to postpone possession or enjoyment of property for too long a period, and "It has been suggested, however, that the period specified by the rule against perpetuities may be adopted, by analogy, as a reasonable period beyond which such a postponement or restraint, otherwise valid, will not be permitted to ex-

tend": 48 C. J. 935; and Albert M. Kales in his Estates, Future Interests and Illegal Conditions and Restraints in Illinois (1920), states at p. 852, sec. 731:

"Nothing ought to be more certain than that the postponed enjoyment clause . . . must be subject to the same qualifications (as restraints on alienation). It is therefore wholly void if it may possibly continue longer than a life in being and 21 years."

The case in Pennsylvania which comes closest to our situation presents a confusing picture. Shallcross's Estate, 200 Pa. 122 (1901) shows a will providing that one half of the estate should be placed in trust for a son's minor children, or the survivor of them, or the heirs of such survivor, to be paid to them as they respectively should arrive at full age. A codicil attempted to postpone the distribution until the children should respectively arrive at 25 years of age.

The question in the case was to the interpretation of the word "survivor", whether it was to be referred to the death of testator, so that the interest of the son's children then living vested and became absolute at that time, or whether the incident of survivorship continued. The court decided that the interests of the children became fixed at testator's death, and then continued in dicta to consider the aspects of the case which interest us (p. 125):

"The trust which was created for the grandchildren during their minority was good, but the subsequent provision of the codicil, postponing the payment until they severally attained the age of twenty-five years, was void, as contrary to the rule against perpetuities."

We wish Mr. Justice Potter had stopped with the word "void", for then we should have been in accord with his views, but we must point out that obviously he did not give thought to the fact that "The rule against perpetuities . . . relates solely to the vesting of estates or interests and is not concerned with their possession or enjoyment": 48 C. J. 947, §16.

However, we believe that the court might just as properly have concluded his dicta "as contrary to the corollary to the rule against perpetuities which prohibits the postponement of use or enjoyment of such interests or estates."

And we consider that in the absence of any authority to the contrary, the same standard of measurement of time should be used, life or lives in being and 21 years thereafter.

Therefore, because under the Howard will, it was possible that the use and enjoyment of the fund might have been postponed as long as 30 years after Marcia Rothfuss' death (since the legal possibility of children born to Mrs. Rothfuss existed as long as she lived: List v. Rodney et al., 83 Pa. 483), we hold that it violates the rule against postponement of enjoyment, use and possession.

The fact that there is no evidence that such a rule exists in Pennsylvania does not bother us, for we consider ourselves competent to declare such a rule in existence. The original rule against perpetuities was judge-made, as the crystallization of public policy; let this rule be judge-made as well, for the same reasons; let it apply equally to legal and equitable interests and estates, as does the rule against perpetuities, 48 C. J. 983, and let the period of postponement be measured by the same standard.

*Order*

And now, January 16, 1943, it is directed that the prayer of the petition for citation be granted; the trust established by the will of Editha A. Howard, deceased, and administered by the West Branch Bank & Trust Company for the benefit of William Howard Rothfuss is declared at an end, and the trustee is ordered to distribute the corpus of said trust, plus income accumulations since the death of Marcia H. Rothfuss, less proper charges against said funds, to William Howard Rothfuss or his attorney-in-fact.