## Decker Estate.

Argued January 10, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*M. J. Martin,* for appellant.

*Ira B. Rutherford,* guardian ad litem, appellee, in propria persona.

OPINION BY MR. CHIEF JUSTICE MAXEY, March 25, 1946:

John K. Decker, unmarried, died testate on April 24, 1940. He willed the residue of his estate to his

nephew, Glenn Decker, then about 26 years of age. The residuary clause of the will reads as follows: ". . . The said property, real and personal to be held in trust however, and the income therefrom to be turned over to Glenn Decker at periodic intervals. Said trust to continue until Glenn Decker reaches the age of forty years and at that time the said property is to be turned over to my said nephew, Glenn Decker, absolute." He appointed A. Emerson Howell as Trustee for the proper execution of this bequest. Later, the Honesdale National Bank became the substitute Trustee.

Glenn Decker instituted proceedings to terminate the trust and to deliver the corpus thereof to him on the grounds that the trust is both vested, and dry, and that the postponement of possession until the cestui que trust reached the age of forty years is invalid and void. The Trustee neither joined in the petition nor opposed it. The court below held that the trust was an active trust and that it could not be terminated by the request of the cestui que trust.

This holding is contrary to the established law of the Commonwealth in such cases. *Bennett's Estate,* 41 Pa. Superior Ct. 579 rules that question. There a testator provided legacies for his three grandchildren, but in a subsequent clause in his will, he directed that the legacies should be placed in trust as long as the father of the legatees lived, the income to be paid to the legatees, and upon the death of the father, the principal to be paid to them; no active duties were imposed upon the trustee. It was held that the trust was void and the legatees were entitled to the principal of the legacy, irrespective of the trust. In that case, the Superior Court said: "The will does not impose any express duty on the trustee nor direct in any way the manner in which the fund shall be held except as may be implied from the requirement that the income be paid over. No discretion is vested in the trustee, nor is authority given to expend any part of the principal or income. That a legacy, thus sepa-

rated from the rest of the estate and given to a trustee for the use of the legatee without more is a vested bequest, we think is clear. The gift is absolute to the legatee, and no interest therein exists in any other person. In such a case a trust gives to the party beneficially interested a right to possession, control and disposal of the property, and the legal estate becomes executed in him except where it is necessary that it remain in the trustee to preserve it for the cestui que trust or to transmit it to others as directed. If the case were one of an active trust a legal estate would remain in the trustee to the end that he might discharge the duties imposed by the donor. But the clause under consideration does not create an active trust, as we have seen. The principle is well recognized that a passive trust does not continue the estate in the trustee except for such useful purposes as the law will protect, as in the case of a trust of a married woman to protect her estate from her husband, or a trust for a spendthrift to protect it from creditors. Where a gift is made to a person absolute in terms a provision postponing payment thereof is void in pursuance of the general rule that it is against public policy to restrain one in the use or control of property in which he alone is interested: Gray on Perpetuities, sec. 120; Shallcross' Estate, 200 Pa. 122."

In *Baughman's Estate*, 281 Pa. 23 at p. 39, 126 A. 58, 64, this court said: ". . . the question whether or not the court may end the trust, is not conclusively determined by the character of the trustee's duties, but depends upon whether or not (a) all who are or possibly may be interested in the property, are sui juris; and (b) all have consented to the termination of the trust; and (c) it is clear that no other legal reason exists for its maintenance."

In *Wood's Estate*, 261 Pa. 480, 104 A. 673, it was held that where an instrument creating a trust for persons sui juris creates no limitation over of either the income or the principal of the estate and there are no

other estates in interest to be preserved and no ultimate purpose of any kind requiring the continuance of the trust is expressed or can be implied from its terms except the mere payment of the income to the cestui que trust, a termination of the trust may be decreed.

In *Sharpless's Estate*, 151 Pa. 214, 25 A. 44: A testator directed the residue of his estate to be divided equally among his nephews and nieces, with the direction that the share of a married niece should be held in trust by the executors, they to invest the same and pay over the interest to the niece during her life and at her decease to pay the principal to her daughter, to whom he gave the same. It was held that the trust was not a separate use trust, and that it would be terminated by a conveyance of the daughter's interest to her mother.

In *Shallcross's Estate*, 200 Pa. 122, 49 A. 936, it was held that where a testator gives property to a trustee in trust for the minor children of a son, naming them, "until they respectively arrive at lawful age, or the survivor of them, or the heirs of such survivor, share and share alike", and by codicil postpones the bequest until they attain the age of twenty-five years, and all of the minor children named in the will survive the testator, their respective estates vest in them and they are entitled to receive their shares when they reach their majority, the postponement to twenty-five years being void, as contrary to the rule against perpetuities and accumulations.

In *Kling's Est.*, 86 Pa. Superior Ct. 312, it was held that a gift of the gross income of the estate during the legatee's lifetime plus so much of the principal which was given "in trust" as the legatee might think he needed for his support, vested an absolute estate in the legatee.

In *Allen's Est.*, 347 Pa. 364, 32 A. 2d 301, testatrix bequeathed a stated sum in trust to pay the income to her sister during her life, and then provided that if her sister should predecease her, the income should be paid to the two named children of her nephew, until they respectively arrived at the age of thirty years, when the

principal was to be paid to them absolutely and in fee, and further provided that, in the event the sister survived her and thereafter died when the two children of the nephew had arrived at the age of thirty years, the principal should be paid over to them, but in the event they had not reached the age of thirty years at the time of the sister's death the share of either or both children was to be held in trust until they arrived at the age of thirty years and be distributed and paid over to them absolutely and in fee; and it appeared that the sister survived the testatrix and subsequently died before the two children of the nephew were thirty years of age; it was held that (1) the principal of the trust estate vested in the children of the nephew upon the death of the life tenant, the sister, (2) their interest was not contingent on their arrival at the age of thirty years, and (3) the trust estate was properly terminated by the Orphans' Court upon the request of all parties in interest.

The absence from the will in *Allen's Estate* of a provision about the legatee's receiving the income does not, as the court below held, essentially distinguish that case from this. The fact that here the trustee was made a mere conduit through which the income would pass to the legatee does not alter the passivity of his role. The trust was not an active trust.

If the testator believed that his nephew "would squander or dissipate the principal of the trust" (as the court below intimates), he had it within his power to create a "spendthrift trust". This he did not do. The law of this Commonwealth treats a trust like the one before us exactly as if the testator had willed the property directly to the donee, making him the sole owner of it, by providing that the donee should receive the income, but should not use the principal until he attained a certain age. In such a situation the law is that the donee is entitled to the full enjoyment of the legacy at once. It is the policy of this Commonwealth, as declared in a

long line of decisions, to treat a legacy like the one now before us as an absolute gift to the donee, and that means, of course, that he has the right to the immediate possession of it upon demand.[1] This policy so long adhered to has become with us a rule of law affecting the devolution of property. As we said in *Smith v. Glen Alden Coal Co., et al.,* 347 Pa. 290, 302, 32 A. 2d 227, 234: "A rule of property long acquiesced in should not be overthrown except for compelling reasons of public policy or the imperative demands of justice." The record in this case presents no such "compelling reasons" for the overthrow of this long-regnant rule nor does justice "imperatively demand" it.

The decree of the court below is reversed. Costs to be paid out of the legacy.

---

[1] For a discussion of the subject of "Postponement of enjoyment" of legacies such as the one being considered in this case, see "Scott on Trusts", Vol. 3, Sec. 337.3.