## Miller Trust

*Francis J. Gildner*, for accountant.
*Arcus F. Shaffer*, for beneficiaries.

GEARHART, P. J., February 21, 1952.—We have for audit the first triennial account of the Merchants National Bank of Allentown, trustee under the last will and testament of Henry W. Miller, deceased.

Testator died March 16, 1948, leaving a will dated January 24, 1946, which has been duly probated in the office of the Register of Wills of Lehigh County. This trust is set up under provision eight of testator's will, wherein he provides:

"EIGHTH: The then balance and remainder of my estate is to be retained by my executor and trustee in trust, with direction that the same be invested, with authority to hold such investments as I may have at the time of my decease. This balance and remainder of my estate, including the income thereof, I direct my executor to divide and distribute in equal shares to my son Walter, and my daughter Jean, absolutely and forever, as follows:

"At the end of the first year, after my decease, Two thousand ($2,000.00) Dollars to each of my children; at the end of the second year, Two thousand ($2,000.-00) Dollars; at the end of the third year, Two thousand

($2,000.00) Dollars; at the end of the fourth year, Three thousand ($3,000.00) Dollars, and at the end of the fifth year, after my decease, Three thousand ($3,000.00) Dollars to each of my children.

"Thereafter the then balance and remainder of my estate shall be paid to each of my two children in equal shares as follows:

"The sixth year after the date of my death, twenty per cent. of the balance, the seventh year thereafter, twenty per cent. of the balance, the eighth year thereafter, twenty per cent. of the balance, the ninth year thereafter, twenty per cent. of the balance, and the balance then remaining to be paid to them at the end of the tenth year after my decease."

Testator named the Merchants National Bank as trustee. The account shows a balance in hand held under the provisions of item 8 of $42,075.05.

At the audit Jean D. Hutchison and Walter H. Miller, children of testator, presented their petition requesting that the trust erected under provision eight of the will be terminated. In the case of Walter H. Miller, the petition is joined in by Harold C. Barette, who is the holder of an absolute assignment of the balance of interest of Walter H. Miller in this estate. The assignment bears the date of June 4, 1951.

The trustee does not oppose the termination of the trust. The rule with respect to the termination of trusts in Pennsylvania has been stated in a number of cases. Perhaps the leading case is Culbertson's Appeal, 76 Pa. 145, wherein is found the following:

"Although a trust may not have ceased by expiration of time, or its purposes may not all have been accomplished; if all who are or may be interested are in existence and *sui juris* and consent, courts of equity may decree a determination of the trust and a distribution of the fund amongst those entitled."

In Baughman's Estate, 281 Pa. 23, with respect to the termination of trusts, it is stated:

"The true rule is that although the duties imposed on a trustee indicate that the testator had a purpose in establishing the trust, and the burden of proving that no such purpose exists rests on him who asserts it, yet, in its ultimate analysis, the question whether or not the court may end the trust, is not conclusively determined by the character of the trustee's duties, but depends upon whether or not (a) all who are or possibly may be interested in the property, are *sui juris;* and (b) all have consented to the termination of the trust; and (c) it is clear that no other legal reason exists for its maintenance."

In view of the principles enunciated, the first question to ask in the matter of the termination of the trust is what purpose had testator in mind in creating the trust for his children. Here, none is disclosed except that which is to be inferred from the fact that he directed that the balance and remainder of his estate be invested, and the balance including income to be divided and distributed in equal shares to his son and daughter absolutely and forever, with the provision that at the end of each year after his death up until the tenth year, his executor-trustee was to pay each of his two children a stipulated sum of money.

No other expressions are to be found in the will from which a purpose can be inferred in creating this trust. The only purpose apparently in the mind of testator was to postpone payment of principal and income.

In the instant case, there is no gift over, there are no unborn interests to be protected and there is no withholding of the corpus on a contingent basis. Here there is no useful purpose such as the law will protect to be served in continuing the trust, as in the case of a trust of a married woman to protect her estate from her husband, or a trust for a spendthrift to pro-

tect it from creditors. In fact, there is no purpose to be subserved by continuing the trust in the hands of the trustee except the postponement of payment. This under the decisions is not enough. See Decker's Est., 353 Pa. 509, in which case Mr. Chief Justice Maxey, writing the opinion for the Supreme Court, reviews the law on the termination of trusts. See also A. L. I. Restatement of the Law of Trusts, §337.

We have concluded that there is no lawful purpose to be subserved by continuing the trust in the hands of the trustee. It further appears that the beneficiaries are sui juris and have joined in the prayer of the petition. Hence, we rule that the trust may be terminated.