## Zamichieli Estate

*Harry C. Liebman,* for accountants.

LEFEVER, J., June 12, 1952.—Evelina Zamichieli, also known as Evelina Maria Zamichieli, died September 23, 1950, having first made a will, dated January 24, 1948, in which she appointed her sons, Valentine Zamichieli and John Zamichieli, or the survivor of them, executors (and trustees), to whom letters testamentary were granted September 28, 1950. By writing, dated May 13, 1952 (hereto annexed), counsel for accountants advised that John Zamichieli, one of the executors and also a legatee, died suddenly on May 10, 1952.

After directing the payment of her just debts and funeral expenses, testatrix devised and bequeathed her house at 1415 Ellsworth Street, Philadelphia, to-

gether with all of the household furnishings therein, to her daughters, Madeline and Evelina Zamichieli, in equal shares, absolutely. Finally, testatrix ordered and directed that her residuary estate be divided into six equal parts. By paragraph 3 (*a*), (*b*) and (*c*), she gave a one-sixth part of her residuary estate, each, to her sons, John Zamichieli, Valentine Zamichieli and Angelo Zamichieli, absolutely. By paragraph 3 (*d*) she gave another one-sixth part of her residuary estate to her trustees, or the survivor of them, in trust, to hold the same and to keep the same duly invested and "to pay the net income therefrom to my son, Silvio Zamichieli, until one year after the date of my death at which time I direct my said Trustees to transfer and deliver unto my said son, Silvio, one-third of the principal of this Trust absolutely, thereafter to continue to pay the net income from the remainder of this Trust to my said son, Silvio, until five years after the date of my death, at which time I direct my said Trustees to transfer and deliver to my said son, Silvio, one-half of the remainder of the principal of this Trust absolutely, and thereafter to continue to pay the net income from the remainder of this Trust to my said son, Silvio, until ten years after the date of my death at which time I direct my said Trustees to transfer and deliver the balance of principal remaining in this Trust to my said son, Silvio, absolutely; herewith also conferring upon my said Trustees absolute discretion to draw upon and expend any part of the principal of this Trust for the benefit of my said son, Silvio, at any time as they shall deem advisable."

By paragraph 3 (*e*), in language identical with paragraph 3 (*d*), testatrix gave another one-sixth part of her residuary estate to her trustees, in trust, to hold the same and to keep the same duly invested and to pay the net income therefrom and the principal thereof

to her daughter, Madeline Zamichieli, upon the same terms and conditions prescribed in the trust created for the benefit of Silvio in paragraph 3 (d).

The remaining one-sixth part of her residuary estate testatrix gave unto her trustees, "in trust, nevertheless, for the benefit of my daughter Evelina Zamichieli upon the same terms and conditions prescribed in the Trust created for the benefit of my daughter Madeline in subsection (e) of this paragraph."

Testatrix did not marry, nor were any children born to or adopted by her, after the execution of the will. She was a widow at the time of her death, and was survived by three sons and two daughters, and by four grandchildren, children of her son, Silvio Zamichieli, who predeceased her on August 26, 1948. . . .

The accountants, Valentine Zamichieli and John Zamichieli, in their statement of proposed distribution, requested, inter alia, that one sixth of the residue be awarded to them in trust under paragraph 3 (d) of the will (this is the share bequeathed in trust for the benefit of Silvio, who predeceased testatrix and left surviving at testatrix's death four minor children); another one sixth of the residue in trust under paragraph (3) (e) of the will (this is the share bequeathed in trust for the benefit of Madeline), and another one sixth of the residue in trust under paragraph 3 (f) of the will (this is the share bequeathed in trust for the benefit of Evelina).

As hereinabove set forth, John Zamichieli, one of the accountants, died on May 10, 1952 (subsequent to the audit).

The auditing judge could not comprehend under what authority the *accountants should hold in trust* one sixth of the residue, as representative of the one-sixth share given in trust for the benefit of the son, Silvio, who predeceased testatrix. Accordingly, he directed that notice of the question of what disposition should

be made of this share should be given (a) to the Land Title Bank and Trust Company, as guardian of the respective estates of Silvio's four minor children, and (b) to testatrix's five children (all of whom were still living at the time notice was given.)

The question submitted for determination, in the main, is whether the four children of Silvio Zamichieli are entitled to the one-sixth share of the residue which testatrix bequeathed in trust for the benefit of their father, in substitution of their deceased parent.

Section 14 of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.14 (8) provides, as follows:

"A devise or bequest to a child or other issue of the testator . . . whether designated by name or as one of a class shall not lapse if the beneficiary shall fail to survive the testator and shall leave issue surviving . . . who shall take per stirpes the share which their deceased ancestor would have taken had he survived the testator. . . ."

There appears to be no reported case in Pennsylvania precisely upon this point. However, Philip A. Bregy, associate consultant to the Advisory Committee on Decedents' Estates and Trusts of the Joint State Government Commission, in his able treatise, "Pennsylvania Intestate, Wills and Estates Acts of 1947", at page 3261 et seq., comments:

"This clause is not restricted to outright gifts and it is reasonably clear that it will apply to other types of gifts where such application is possible and not contrary to the terms of the will. It will be a rare case where the substitution of issue is possible with regard to a gift of income to a person who predeceases the testator, because ordinarily the estate which the will attempts to give is measured by the life of the named donee . . . Presumably, however, a gift of income for the life of another, *or for a term of years*, would be

saved for the issue of a lineal or close collateral who predeceases the testator." (Italics supplied.)

In Scott on Trusts, 1952 Supplement to vol. 1, sec. 112.3, it is stated:

"Where a testator leaves property in trust for a person who predeceases him, the gift of the beneficial interest lapses, to the same extent to which a direct legacy lapses. By statute it is usually provided that in the case where the legatee is related in a certain manner to the testator or where the legatee leaves persons related in a certain manner to him, the legacy shall not lapse. *These statutes are applicable to persons taking as beneficiaries of a testamentary trust.*" (Italics supplied.)

And Judge Hunter in II Pennsylvania Orphans' Court Commonplace Book, page 817, states:

"A vested remainder is within the Act, and passes to the issue of a remainderman who dies in testator's lifetime."

Hester v. Sammons et al., 171 Va. 142, 198 S. E. 466 (1938), is the leading case on this subject. In that case testator bequeathed to his trustee $10,000 in trust to pay to his sister, Mrs. Angell, the net income, together with monthly installments of principal in the amount of $250, until the fund was exhausted. There was no gift over. Mrs. Angell predeceased testator. The court held that Mrs. Angell's children, and not the residuary legatee, were entitled to this fund, stating:

"In the instant case, Mrs. Angell was not only given an absolute estate, payable in instalments, but also the interest on these instalments. It was as vested as it was possible for the donor to make it in the conditions as he then understood them. If we assume that this was a perfect trust, the estate created would have been subject to the debts of the beneficiary: Code, sec-

tion 5157. Plainly it would have been so subject if there was a legacy.

"There was no necessity for the interposition of a trustee at all, and no duty was imposed upon the bank which it might not have with propriety exercised in its capacity as executor. . . . Its duty as such would have been to hold this fund, to invest it with prudence, and to safeguard and preserve it in order that testamentary instalments might be thereafter met. The power to do this is expressly given to the bank in both capacities."

It seems clear that if Silvio had survived testatrix, he would have had a vested interest in the trust fund. Patently, testatrix was thinking in terms of giving him one sixth of the residue of her estate. She provided that he was to receive the income therefrom; that he was to receive the principal in three instalments within 10 years of her death, and finally that her trustees had "absolute discretion to draw upon and expend any part of the principal of this trust for the benefit of my said son, Silvio, at any time as they shall deem advisable." This was tantamount to an absolute gift.

"A trust to pay income to a beneficiary until he reaches a designated age beyond 21 years, and then to pay him the corpus, is a void trust. Such attempted limitation is void because of the violation of the rule of public policy forbidding restraint in the use or disposition of property in which no one but the beneficiary has an interest: Shallcross' Estate, 200 Pa. 122, 49 A. 936; Decker Estate, 353 Pa. 509, 46 A. 2d. 218": Africa Estate, 359 Pa. 567, 569 (1948).

Such trust will forthwith be stricken down and the fund awarded to the legatee, absolutely: Shallcross' Estate, supra; Decker Estate, supra, and Bennett's Estate, 41 Pa. Superior Ct. 579 (1909).

An exception is made to this rule in the case of a spendthrift trust or a trust where there is a gift over

in the event of the occurrence of the contingency that the beneficiary does not attain the designated age: Africa Estate, supra. The instant case falls squarely within the rule (and not the stated exceptions). Accordingly, the auditing judge rules that Silvio was given a vested interest in one sixth of the residue. Consequently, section 14 of the Wills Act of 1947 applies.

Attention is called to the fact that notice was sent to all interested parties, including the five individuals who are entitled to the other five sixths of the residue of this estate, that this question would be presented at the audit to the court for determination. None of the other residuary legatees appeared or in any manner indicated that he or she claimed any portion of the one-sixth share covered in paragraph 3(d) of the will or that he or she took a contrary position to that here reached by the auditing judge. These are the only parties affected by the ruling in this adjudication.

Accordingly, one sixth of the residue (which was the subject of the trust for the predeceased son), will be awarded in four equal parts of shares to John Zamichieli, Silvio Zamichieli, Michael Zamichieli and Joseph Zamichieli, the minor children of Silvio Zamichieli, the predeceased son of testatrix, payment thereof to be made to the Land Title Bank and Trust Company, guardian of their respective estates.

The trust for Madeline Zamichieli is in language identical with that creating the trust for Silvio. Likewise, through incorporation by reference, the language creating the trust for Evelina Zamichieli is the same. Both Madeline and Evelina are of age and sui juris. For the reasons herein above stated, these trusts are void as being in violation of the rule of public policy, forbidding restraint in the use or disposition of property. Accordingly, they are stricken down and each of the daughters is entitled to receive forthwith a

one-sixth share of testatrix's residuary estate, absolutely. . . .

And now, to wit, June 12, 1952, the account is confirmed nisi.