## Mateer Estate

*Caroline K. Kenworthy*, for accountants.

BOLGER, J., June 3, 1968.—This decedent died on May 14, 1966, leaving a will dated January 9, 1964, which was duly admitted to probate together with codicils thereto, dated March 17, 1964, April 21, 1964, and March 24, 1966. She was unmarried at the time of her death and left no issue.

Letters testamentary were granted the accountants on May 26, 1966; proof of publication of the grant of same was submitted.

Payments of transfer inheritance tax prior to appraisement, $18,525 on August 15, 1966, and $1,663.19 on August 14, 1967, were duly vouched.

By the terms of her will and the codicils thereto, testatrix gave $5,000 each to Alex Simpson Carpenter and Katharine Gross; $25,000 to Elizabeth Taylor; $2,000 each to Patricia Ann Paul and Michael David Paul, minors, to be deposited in their respective names

in the Philadelphia Saving Fund Society during their minority, with the right in each said minor after age 18 to withdraw therefrom such sums not to exceed $500 in any one year as may be necessary for their education; $500 to Mary Minor; $1,000 to Caroline K. Kenworthy; $500 to the Francisvale Home for Smaller Animals; $10,000 each to Elwood G. Mateer and Mary H. Ammons; $10,000 to Nina C. Paul to be paid at the rate of $1,000 per year for 10 years; $2,000 to Jean Townsend; $2,500 to Helen and Jack Lonabaugh or the survivor of them; $5,000 to Peggy Carpenter; $1,000 to Samuel L. Black; $500 to St. Clare Minor; $3,000 to the Memorial Church of St. Paul; and $500 to the Women's Pennsylvania Society for the Prevention of Cruelty to Animals. She directed her executors to make weekly payments for the immediate care of her Cocker Spaniel pending arrangements for permanent care of the same by either Elizabeth Taylor or Mary H. Ammons, and gave $1,000 to such person who would assume permanent care of said dog. She gave the balance of her estate then remaining, or residue, in equal one-quarter shares each to Elwood G. Mateer, Nina C. Paul, Mary H. Ammons and Katharine Gross. She appointed Girard Trust Corn Exchange Bank (now Girard Trust Bank) and Caroline K. Kenworthy as executors.

It is the contention of the accountants that the provision for the payment of the legacy of $10,000 to Nina C. Paul in 10 annual installments of $1,000 each is void. They rely upon Shallcross's Estate, 200 Pa. 122 (1901), and Burke's Estate, 20 Dist. R. 703 (O. C. Phila., 1910). In Shallcross, testator bequeathed a portion of his estate in trust for named minor grandchildren giving the trustee discretion to pay the net income for their maintenance and education during minority. He directed that principal be paid to them upon attaining age 25. It was held that since no one but the grand-

children had any interest in principal, the restriction that they not receive it until age 25 was void as against "the rule of public policy, forbidding restraint in the use or disposition of property, in which no one but the beneficiary has any interest": Shallcross's Estate, 200 Pa. 122, 125 (1901). It was held that there was no gift over in event of death.

Burke's Estate, supra, is more closely analogous to the instant case. Decedent made a gift of $1,000 to a sister and directed that payment be made in annual installments of $250. It was held that the legacy vested absolutely and as a result the court was "forced to apply the rule of law stated in Gray on Perpetuities, §120, that 'when a person is entitled absolutely to property, any provision postponing its transfer or payment to him is void' ".

In 6 Hunter, Pa. Orphans' Court Commonplace Book, Trusts §8(d), (2d ed., 1959), it is stated: "A legacy payable in installments, in which no one but the legatee has an interest, is payable immediately. When a person is entitled absolutely to property, any provision postponing its transfer or payment to him is void".

In Decker Estate, 353 Pa. 509 (1946), it was held that a trust which provides that income be paid to the beneficiary until he attains age 40, at which time the principal is to be turned over to him, may be terminated at his request because it was a dry trust. The court there followed the holding of Burke's Estate, supra, citing as authority Gray on Perpetuities, supra, and Shallcross's Estate, supra. See also Bennett's Estate, 41 Pa. Superior Ct. 579 (1910).

The auditing judge is satisfied that the position of the accountants is correct. Accordingly, an award of $10,000 to Nina C. Paul will be made as requested without restriction. It is noted that the majority of American jurisdictions do not follow the policy of the so-called English rule as set forth in the Pennsylvania

cases but lay stress upon the maxim that the owner of property can do as he likes with it. See 4 Scott, Trusts §337.3 (3d ed., 1967).

Testatrix in her will directed her executors to make arrangements for the permanent care of her dog with either Elizabeth Taylor or Mary H. Ammons and gave $1,000 to whoever accepted such responsibility. It is noted that Elizabeth Taylor has agreed to accept the same and accordingly the $1,000 provided in the will will be awarded to her hereunder.

Patricia Ann Paul and Michael David Paul are minors. The $2,000 legacies bequeathed to them for deposit in the Philadelphia Saving Fund Society during their minority with the right in them to withdraw up to $500 per year after age 18 for education only will be made hereunder. The passbooks, appropriately indicating the above restrictions, will be submitted for my inspection immediately upon completion of said deposits. . . .

And now, June 3, 1968, the account is confirmed nisi.